## 75305. LAYNE v. FOOD GIANT, INC.
### (366 SE2d 402)

McMurray, Presiding Judge.

Plaintiff Layne brought an action against Food Giant, Inc. seeking damages she allegedly sustained after slipping and falling in defendant's grocery store. Defendant filed a motion for summary judgment and, in support thereof, relied on plaintiff's deposition, wherein the following evidence was shown: At about 7:00 to 7:20 p.m. on July 23, 1985, plaintiff went to defendant's grocery store to shop. The weather was "overcast"; it had been raining and it was raining at the time plaintiff went into defendant's store. Before plaintiff entered the store, she noticed one of defendant's employees bringing grocery carts in from the rain. Plaintiff parked her automobile a short distance from defendant's store and walked "at a regular pace" from her automobile to the store. As plaintiff walked through the front door of the store, she passed one of defendant's store employees "and he was going out and getting some more [shopping carts]." The door to the store was open in order for defendant's store employee to bring the shopping carts in from the rain. As plaintiff walked inside the store, she noticed that there was no "mat" on the floor at the entrance. Plaintiff then walked "several feet" inside the store and slipped and fell.

Before her fall, plaintiff did not notice water on the floor; however, after her fall, she noticed water on the floor because her "clothes were wet." From this evidence, the trial court granted defendant's motion for summary judgment and this appeal followed. *Held*:

" '(I)n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance.' *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980)." *Cook v. Arrington*, 183 Ga. App. 384, 385 (358 SE2d 869).

" 'It is common knowledge that when people enter any building in rainy conditions, moisture is tracked in and the inside of the door is likely to be wet; it is a matter of common knowledge that some water will normally be present where shoppers pass during rainy weather. (Cit.) It is not the duty of persons in control of such buildings to keep a large force of moppers to remove the rain as fast as it collects. (Cit.) The duty owed to such invitees is one of ordinary care, or to protect against an unreasonable risk of harm. (Cit.) The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself,

but is one to which all who go out on a rainy day may be exposed and which all may expect to anticipate. (Cits.)' *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (1) (332 SE2d 304) (1985)." *Cook v. Arrington*, 183 Ga. App. 384, 385, 386, supra. Under the facts and circumstances of the case sub judice, assuming the inference that plaintiff slipped on rainwater at the entrance of defendant's store, there is no evidence to show superior knowledge on the part of the defendant of a hazard which could give rise to a duty to remove or warn customers, so that failure to do so could be found to constitute a failure to exercise ordinary care in keeping the premises safe. Consequently, the trial court did not err in granting summary judgment in favor of defendant. Compare *Rodriguez v. Piggly Wiggly Southern*, 185 Ga. App. 79 (363 SE2d 291); and *Carder v. K-Mart*, 185 Ga. App. 143 (363 SE2d 593), where there was some evidence showing the proprietor's actual or constructive superior knowledge.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED FEBRUARY 25, 1988.

*James L. Kraemer*, for appellant.
*Eve Appelbaum, Mary M. House*, for appellee.