## 77616. JIFFY STORE, INC. v. BISHOP.
### (379 SE2d 602)

BEASLEY, Judge.

Defendant Jiffy Store appeals from the order denying its motion for directed verdict, the judgment entered on the verdict, and the orders denying its motions for new trial and judgment notwithstanding the verdict.

1. This is a "slip and fall" case. Based upon the evidence adduced at trial, when plaintiff Bishop approached the store owned by Jiffy he noticed that the floor looked shiny and that a man was mopping floors. He opened the door and asked a female employee there if it was all right to come in and get some milk and was told "yeah, come in." Bishop looked where he was going and although the floor was shiny, he could not say it was wet. About three steps into the store, he slipped, fell and injured his leg. The female employee testified that the floor had been wet mopped but was not wet at the place where Bishop fell. There was no wax or slippery substance on that part of the floor. The employee did admit that the floor was wet in some places and waxing had begun in a corner of the store.

At his home the following day Bishop, who had been taken to the hospital for examination, observed a foreign substance on his shoe. He testified: "There was something stuck to the bottom of my shoes. I couldn't swear it was wax or where [sic] it was soap or wash powders or what. But, there was something on both shoes." His opinion was that something on his shoes caused him to fall. He further stated that there "had to be" something slippery on the floor and affirmed that some of it was left on his shoes. On cross-examination he admitted not seeing anything on the floor, but maintained: "There had to be something on it, though, because it was on my shoes the next morning." There is no evidence to identify the "something" as either water or wax or any other substance which came from the floor at the time of the incident.

Knowledge, either actual or constructive, by the owner or its employees of the presence of a dangerous condition or slippery substance is an essential element for recovery. *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980); *Motes v. 6 'S' Co.*, 186 Ga. App. 67 (366 SE2d 358) (1988). "[T]he proprietor's liability is based upon his superior knowledge and the absence of such knowledge by the invitee." *Congleton v. Starlite Skate Center*, 175 Ga. App. 438, 439 (333 SE2d 677) (1985). Requisite is a finding that "the defendant's employee had 'an opportunity to discover and remove the hazard,' which can only be shown . . . by evidence that the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it." *Mitchell v. Food Giant*, 176 Ga. App. 705, 709 (337 SE2d 353) (1985). See *Professional Bldg. v. Reagen*, 129 Ga. App. 183 (199

SE2d 266) (1973).

After entry of the judgment on a jury verdict, on appeal the evidence is construed in favor of upholding that verdict. There may be knowledge attributable to the owner of water, wax and perhaps even some unknown cleaning materials on the floor. However, plaintiff had the burden of establishing the owner's prior knowledge of the substance or condition which caused plaintiff to fall. There was no proof of actual knowledge. The presence of "something" on plaintiff's shoes the next day does not prove constructive knowledge. It does not support plaintiff's speculation that "there had to be something on" the floor because "it was on my shoes the next morning." From the record, "it" could have adhered to plaintiff's shoes prior to his arrival at the store or sometime after the incident before being discovered the following morning.

To sustain a verdict predicated upon circumstantial evidence there must be more than mere conjecture. "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions." *Georgia R. &c. Co. v. Harris*, 1 Ga. App. 714, 717 (1) (57 SE 1076) (1907): *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 780 (257 SE2d 186) (1979). See OCGA § 24-1-1 (4). "[A] mere inconclusive inference, or . . . a mere scintilla, is not to be regarded as any evidence, so as to require the submission of its sufficiency to the jury." *Harris*, supra at 716. "[W]here evidence is not more than a scintilla, if it is dependent entirely upon guess or speculation, it is insufficient to support a verdict." *Ladson Motor Co. v. Croft*, 212 Ga. 275, 277 (92 SE2d 103) (1956).

The evidence of "something" on plaintiff's shoe the next morning does not support the conclusion that it was on the floor where he fell and that defendant's employee was aware of its presence prior to that fall. It most certainly does not render less probable all inconsistent conclusions, such as that it came from another source and that defendant's employee had no knowledge of its presence in time to take corrective action or issue a warning. Here, as in *Bartell v. Del Cook Lumber Co.*, 108 Ga. App. 592, 601 (133 SE2d 903) (1963), plaintiff's evidence depended on the remotest and most speculative conjecture and was insufficient to authorize the verdict. See *Cohen v. Hartlage*, 179 Ga. App. 847, 850 (348 SE2d 331) (1986).

It was error to deny the motion for judgment notwithstanding the verdict. The judgment must be reversed with direction that judgment be entered for defendant. See *Stafford Enterprises v. American*

*Cyanamid Co.*, 164 Ga. App. 646, 650 (297 SE2d 307, 299 SE2d 390) (1982).

2. In view of our ruling in Division 1, the remaining enumerations of error need not be considered.

*Judgment reversed with direction. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 28, 1989 —
REHEARING DENIED MARCH 13, 1989 —

*Dillard & Landers, Daniell S. Landers*, for appellant.
*Donald A. Starling*, for appellee.