## A89A2345. SPIVEY v. BOARD OF EDUCATION OF SAVANNAH & CHATHAM COUNTY.

(391 SE2d 783)

BANKE, Presiding Judge.

This is an appeal from a grant of summary judgment to the defendant in a slip-and-fall action.

The plaintiff fell while descending a concrete or stone stairway at the front entrance to a public elementary school operated by the defendant. She had been called to the school to pick up her son, a third grader who had been placed "in detention" due to misconduct and had thus missed his ride home on the school bus. There was no handrail on the stairway, and as it had been raining that day the steps were wet. The plaintiff testified that she realized the steps were slippery as she was ascending them upon entering the school and that upon exiting the building with her son she consequently attempted to use the brick wall and ledge at the side of the stairway to support herself. She stated that her feet nevertheless "flew out from under" her as she was descending the steps, despite her efforts to be careful.

In an accident report submitted to the school following the incident, the plaintiff indicated that she felt the stairway was defective due to the lack of a handrail and the absence of "safety (non-skid) strips" on the steps. During discovery, she obtained a copy of an incident report concerning a similar accident which had occurred on the same steps under similar weather conditions some three years earlier. The defendant offered no evidence tending to show that the condition of the steps had changed since that time; nor, in fact, did it offer any independent evidence at all concerning the condition of the steps. Rather, in support of its motion for summary judgment, it relied solely on the plaintiff's account of the incident. *Held:*

"In order to establish a right of recovery against [an owner or occupier of land] for negligently allowing a hazardous or defective condition to exist on the premises, a plaintiff-invitee must prove that the owner had superior actual or constructive knowledge of the existence of the condition and of the danger presented thereby. [Cits.] However, to prevail on motion for summary judgment, the defendant in such a case, as movant, has the burden of proof and thus must establish the absence of such superior knowledge on its part, with all doubts and conflicts in the evidence being resolved in favor of the plaintiff. [Cits.]" *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139 (351 SE2d 477) (1986).

The defendant contends that the lower court's ruling in this case is supported by a line of cases standing for the proposition that "[w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting

therefrom. [Cits.]" *Rossano v. American Legion Post*, 189 Ga. App. 610, 612 (376 SE2d 698) (1988) (upholding summary judgment against plaintiff whose foot slipped off exit ramp which she had traversed numerous times). Accord *Pound v. Augusta Nat.*, 158 Ga. App. 166 (279 SE2d 342) (1981) (upholding summary judgment against plaintiff who slipped on loose gravel in unpaved parking lot); *Dyer v. Joe Rigatoni's of Atlanta*, 191 Ga. App. 473 (382 SE2d 193) (1989) (upholding summary judgment against restaurant patron who slipped on paper streamer while descending stairway during New Year's Eve party); *Miolen v. Edd Kirby Chevrolet*, 189 Ga. App. 282 (375 SE2d 266) (1988) (upholding summary judgment against plaintiff who slipped on stairway due to alleged poor lighting conditions of which he was concededly aware); *Motes v. 6 'S' Co.*, 186 Ga. App. 67 (366 SE2d 358) (1988) (upholding summary judgment against plaintiff who slipped on rounded edge of tile step). The defendant also relies upon a line of cases holding that " ' "[t]he risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect to anticipate. [Cits.]" ' " *Layne v. Food Giant*, 186 Ga. App. 71, 71-2 (366 SE2d 402) (1988).

We do not find these cases to be controlling in the present situation for two reasons. First, it may be inferred from the plaintiff's testimony that the steps on which she fell were so slippery due to the rain that they were dangerous to negotiate *even in the exercise of extreme caution*, a circumstance not present in the preceding cases. Cf. *Langley v. Ellman's, Inc.*, 143 Ga. App. 16 (237 SE2d 415) (1977) (defendant's evidence that "no-skid" wax was used on floor held insufficient to support grant of its motion for summary judgment in face of plaintiff's testimony that she slipped as if she were "on ice"). Second, there was no evidence in the foregoing cases, as there is in the present case, that the defendant had been notified of the prior occurrence of a similar fall at the same location. While the defendant cites evidence that alternate exits were available to the plaintiff, there was no showing that such exits were readily accessible to her or that they would have been less dangerous to use than the main entrance to the building. Cf. *Atkinson v. Kirchoff Enterprises*, supra.

" ' "Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law; otherwise, the question of what negligence, as well as whose negligence is responsible for the injury is a jury question." (Cits.)' [Cit.]" *Oliver v. Complements, Ltd.*, 190 Ga. App. 30, 32 (378 SE2d 154) (1989). Construing the evidence of record in this case in favor of the respondent-plaintiff, as we are required to do, we are

unable to conclude as a matter of law that she voluntarily assumed the risk of using the steps, notwithstanding her admitted awareness prior to exiting the building that the steps were slippery and possibly dangerous. We accordingly hold that the trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 23, 1990 —
REHEARING DENIED MARCH 6, 1990.

*Herndon & Chestnut, Herbert J. Chestnut*, for appellant.
*Stanley M. Karsman, Sharie S. Miltiades*, for appellee.