A89A2052. McCONNELL v. WINN-DIXIE ATLANTA, INC.
(391 SE2d 785)

BEASLEY, Judge.
Plaintiff McConnell appeals from the grant of defendant Winn-Dixie's motion for summary judgment in a slip and fall case. The complaint alleged that defendant was negligent in creating a hazardous condition on its premises.

Plaintiff deposed that he went into defendant's store, purchased groceries and left. Realizing that he had not received coupon credit he returned, got his credit from the cashier, and began to leave. He walked up to the doors, tried to stop to allow the doors to open, slipped — his "feet shot out from under" him — and fell, sustaining what he noted was the worst fall he ever had.

Plaintiff answered the question, "there wasn't any puddle of water," by replying "No, there wasn't a thing in the world. It was just the floor was slick, slick as glass." Plaintiff admitted that the doors were the same ones he used entering, leaving and re-entering. He went home, but because he felt bad and on the advice of his wife, he

returned to the store and reported his fall to the manager. They both went to the spot where he fell, he pointed it out and, according to plaintiff, the store manager made some notes and then exclaimed: "We better get away from here before you and I both fall."

In a later affidavit, plaintiff stated: "I slipped on some wax or other substance on the floor which had become frozen or made slick by the cold air coming in through the electronic doors of the store." He also brought out that floor mats which normally were placed at the entrance were absent. A weather report for the day recorded the temperature as 34 degrees Fahrenheit and the wind at 16 kilometers per hour at the airport.

Defendant's store manager testified that he had examined the floor where the incident allegedly occurred fifteen minutes before the fall. It was clean, dry and safe. After the fall the area was free of any foreign substances or debris that would make it unsafe. He denied making the statement attributed to him by plaintiff.

Two witnesses for defendant testified that the wax used on the floor was a quick drying, anti-slip type. One witness, as an expert, stated that the area where the wax was applied would be considered "a safe walkway surface," and that the slip-resistant quality of the wax would not be affected by the cold or wind described.

Plaintiff challenges the court's concluding that defendant showed an absence of negligence on its part. He argues there remained genuine issues of material fact which could only be resolved by a jury, setting out the three elements for premises liability: 1) a defect; 2) defendant's actual or constructive knowledge of it; 3) lack of knowledge on the part of plaintiff. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

Defendant's proof eliminated wax as the cause of plaintiff's fall. Plaintiff urges that the presence of some other substance was not foreclosed as a matter of law. However, defendant has shown that plaintiff cannot prove what, if anything foreign, was present. Where a party's testimony in his own behalf is contradictory, vague or equivocal then, absent reasonable explanation, his testimony is construed unfavorably to him and in favor of the opposing party. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986). Further, defendant has shown that plaintiff cannot prove that any of its employees had notice of some foreign substance. There is a conclusive absence of any basis for constructive knowledge because there is nothing to show that anything else was on the floor for a sufficient time to impute knowledge to defendant. *Pritchard v. Wilson*, 170 Ga. App. 313 (1) (316 SE2d 604) (1984); *Jiffy Store v. Bishop*, 190 Ga. App. 716 (379 SE2d 602) (1989). Important as well is that plaintiff had equal or superior knowledge of the floor's condition and the absence of mats, since he traversed it three times before he fell.

Controlling are such as *Veazey v. F. W. Woolworth Co.*, 191 Ga. App. 601 (382 SE2d 411) (1989); *Gross v. Frank's Warehouse Foods*, 192 Ga. App. 539 (385 SE2d 688) (1989); *Dyer v. Joe Rigatoni's of Atlanta*, 191 Ga. App. 473 (382 SE2d 193) (1989); *Rossano v. American Legion Post*, 189 Ga. App. 610 (376 SE2d 698) (1988); *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257 (366 SE2d 785) (1988); *Rush v. Food Giant*, 183 Ga. App. 388 (358 SE2d 919) (1987); *Alterman Foods v. Ligon*, supra.

There is no merit in plaintiff's contention that the statement of the store manager was an admission sufficient to carry the question of fault to a jury. See *Brooks v. Kroger Co.*, 194 Ga. App. 215 (390 SE2d 280) (1990).

*Judgment affirmed. Carley, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 5, 1990.

*Vincent, Chorey, Taylor & Feil, Michael A. Cole*, for appellant.
*Fain, Major & Wiley, Donald M. Fain, Gene A. Major, Richard Kopelman*, for appellee.