## S90G1151. FIRST FINANCIAL INSURANCE COMPANY v. RAINEY et al.

(401 SE2d 490)

BELL, Justice.

We granted certiorari to the Court of Appeals, *First Financial Ins. Co. v. Rainey*, 195 Ga. App. 655 (394 SE2d 774) (1990). In this opinion we consider whether injuries suffered by a child arose out of the operation, maintenance, or use of an insured vehicle as a vehicle within the contemplation of OCGA § 33-34-2 (1) and (9), and whether the insurer may be liable for bad-faith penalties, attorney fees, and punitive damages pursuant to OCGA § 33-34-6 (b) and (c). The facts, as stated by the Court of Appeals, are as follow:

> The appellant [petitioner First Financial Insurance Company] issued a policy of motor vehicle insurance to appellee [and respondent] Willie Calhoun which provided the minimum no-fault coverage required by OCGA § 33-34-4 (a) (2). While this policy was in force, a large limb fell on the insured vehicle, injuring Calhoun's minor grandson, Max Ray Rainey, who was occupying it at the time. This accident occurred at a mobile home park where Mr. Calhoun's adult son and some other grandchildren were present. Accompanied by Max, Mr. Calhoun had driven to the mobile home park with the intention of picking up these other relatives and bringing them to his home. Upon their arrival, Max had gotten out of the vehicle and played for a brief period, until the others were ready to leave. His grandfather had then instructed him to get back in the car, and Max had obeyed, opening the door on the passenger side of the vehicle and climbing up onto the seat. Immediately after he did so a loud cracking noise was heard, and the limb, which was about four inches in diameter, fell onto the open door of the vehicle. A portion of the limb was thereby deflected into the passenger compartment, where it struck Max on the back of the head. [*First Financial &c. v. Rainey*, supra, 195 Ga. App. at 655-656.]

First Financial Insurance Company (hereafter First Financial) subsequently filed suit for a declaration that the child's injuries were not covered because they did not arise out of the operation, maintenance, or use of the insured vehicle as a vehicle. The suit named Calhoun and the child's mother (individually and as natural guardian) as defendants. The defendants counterclaimed for basic medical benefits for the child, bad-faith penalties, attorney fees, and punitive damages. The trial court granted summary judgment to defendants on the

question of basic benefits, and a jury awarded defendants bad-faith penalties, attorney fees, and punitive damages pursuant to § 33-34-6. First Financial appealed.

1. The Court of Appeals affirmed the grant of summary judgment to defendants concerning basic medical benefits. In so affirming, the Court held that the child's injuries arose out of the operation, maintenance, or use of the insured vehicle as a vehicle within the contemplation of § 33-34-2. *First Financial &c. v. Rainey,* supra, 195 Ga. App. (1) at 656-658. After reviewing the reasoning and holding of the Court of Appeals, we find that we are in agreement with the Court, and hereby affirm the opinion of the Court in that regard.

2. However, we reach a different conclusion regarding the Court's affirmance of the jury's award of bad-faith penalties, attorney fees, and punitive damages. Id. (3) at 658-660. The Court of Appeals was divided six to three concerning whether First Financial was statutorily obligated to pay basic benefits as a matter of law, and this Court granted certiorari to consider the correctness of the holding of the Court of Appeals on that issue. Accordingly, we hold that the insurer was legally justified in litigating the issue and cannot, as a matter of law, be liable for bad-faith penalties, attorney fees, and punitive damages under § 33-34-6. Accord *Intl. Indem. Co. v. Collins,* 258 Ga. 236, 237-238 (2) (367 SE2d 786) (1988); *State Farm Mut. Auto. Ins. Co. v. Bass,* 231 Ga. 269 (201 SE2d 444) (1973).

*Judgment affirmed in part and reversed in part. Clarke, C. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge James H. Weeks concur; Smith, P. J., dissents as to Division 2 and the judgment; Weltner, J., not participating.*

DECIDED FEBRUARY 21, 1991 —
RECONSIDERATION DENIED MARCH 27, 1991.

Crim & Bassler, Harry W. Bassler, Philip G. Pompilio, for appellant.

Burt & Swan, Walter H. Burt III, William S. Stone, for appellees.

Harper, Waldon & Craig, Thomas D. Harper, Wetzel, Shaw & Quinn, Michael L. Wetzel, amici curiae.