A91A1887. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY v. WILLIAMS.
(415 SE2d 535)

ANDREWS, Judge.

Mozelle Williams filed this lawsuit against MARTA for injuries she claimed to have suffered as the result of a fall at a MARTA station. She alleged that her fall was caused by water which was left on the floor by a MARTA employee and that MARTA was negligent in maintaining this unsafe condition. The case was tried before a jury and resulted in a verdict for Williams of $12,024.64.

1. In its first and second enumerations of error, MARTA claims that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict or, in the alternative, for a new trial. Because the standards for granting a directed verdict and a judgment notwithstanding the verdict are the same, we will review these enumerations together. *Joe N. Guy Co. v. Valiant Steel & Equip.*, 196 Ga. App. 20 (395 SE2d 310) (1990). "As with a directed verdict, a motion for judgment notwithstanding the verdict is proper only where there is no conflict in the evidence as to any material issue and evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." (Citations and quotations omitted.) *Hiers-Wright Assoc. v. Manufacturers Hanover &c. Corp.*, 182 Ga. App. 732 (2) (356 SE2d 903) (1987).

Viewing the evidence in favor of the verdict, we find that at the time of the incident it was drizzling lightly outside, but that there was no rainwater in the turnstile area in which the fall occurred and that the area in which the fall occurred was well inside the station. After her fall, Williams noticed that the floor appeared to have been recently mopped and she saw a bucket and mop, which MARTA employees used for cleaning, near the spot she fell. There was also testimony that a MARTA employee had recently mopped the area in which Williams fell.

MARTA, citing *Layne v. Food Giant*, 186 Ga. App. 71 (366 SE2d 402) (1988), argues that since rainwater *might* have caused the fall,

the failure to direct a verdict in its favor was error. We recognize that had the evidence shown that rainwater in the entranceway was the cause of the fall, then the trial court's failure to grant MARTA's motions would be error. See *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 45 (1) (332 SE2d 304) (1985). This was not the situation here, since there was evidence to support the plaintiff's theory that the wetness was left by an employee's cleaning efforts and was not from rainwater accumulation. See generally *Food Giant v. Cooke*, 186 Ga. App. 253 (366 SE2d 781) (1988). There was also evidence that MARTA had superior knowledge of the condition of the floor. Compare *McConnell v. Winn-Dixie Atlanta*, 194 Ga. App. 700 (391 SE2d 785) (1990); *Cook v. Arrington*, 183 Ga. App. 384, 385 (358 SE2d 869) (1987).

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

In the instant case, unlike in *Layne*, we are unable to assume that plaintiff slipped on rainwater when she fell, nor are we able to assume that Williams had equal knowledge of the water. Here there was proof of fault by MARTA and of ignorance of the danger by Williams. *Hospital Auth. of Ben Hill County v. Bostic*, 198 Ga. App. 500 (402 SE2d 103) (1991). We find that there was sufficient evidence for a jury to find that the wetness was caused by an employee's mopping, and not by rain, and that the wet area was distant from the entrance to the station itself. Compare *Jiffy Store v. Bishop*, 190 Ga. App. 716 (379 SE2d 602) (1989). Accordingly, the trial court did not err in denying the motions for directed verdict and judgment notwithstanding the verdict and there was no error in the trial court's failure to grant a new trial.

2. Next, MARTA contends that the trial court erred in allowing Williams to call witness Amos Causey for purposes of cross-examination. Citing *Pirkle v. Hawley*, 199 Ga. App. 371 (7) (405 SE2d 71) (1991) and *Massey Jr. College v. Taggart*, 140 Ga. App. 591 (1) (231 SE2d 540) (1976), MARTA argues that an opposite party can call an alleged agent for purposes of cross-examination only if the agency exists at the time of the trial. Although this may be a correct statement of law, MARTA failed to argue this objection before the trial court and has not clearly articulated how this principle applies to the present case. Accordingly the issue has not been preserved properly for appeal. See *First Financial Ins. Co. v. Rainey*, 195 Ga. App. 655, 660

(4) (394 SE2d 774) (1990), aff'd in part, rev'd in part, 261 Ga. 52 (401 SE2d 490) (1991).

*Judgment affirmed. Sognier, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 12, 1992.

*David R. Autry*, for appellant.
*Kenneth J. Rajotte*, for appellee.