A91A1956, A91A1957. ROSE et al. v. KENNESAW HOUSE, INC. et al.; and vice versa.
(417 SE2d 379)

COOPER, Judge.

Appellants Dorrie and Wayne Rose brought suit against Kennesaw House, Inc., d/b/a Brickworks Restaurant, and Kennesaw House, Ltd. for injuries Mrs. Rose sustained when she slipped and fell on a ramp as she left the restaurant and for loss of consortium. The complaint alleged that appellees failed to properly maintain the premises and to warn business invitees of the hazardous condition of the premises. After discovery, appellees moved for summary judgment. The motion was granted, and appellants appealed.

The record on appeal contains none of the deposition testimony referenced by the parties in their briefs; however, the undisputed facts as found by the trial court in its order demonstrate that on December 27, 1987, after spending an evening of eating, dancing and playing video games in the restaurant, Mrs. Rose, while making her way to her car, noticed that it was raining, and that the front porch of the restaurant was wet. The ramp upon which Mrs. Rose slipped is located on the front porch and "is constructed of poured, small aggregate concrete with a relatively smooth but somewhat uneven surface." Mrs. Rose admitted going up and down the ramp previously in rainy weather and noticed other customers using the ramp on the night of her fall. According to the trial court, Mrs. Rose does not know what caused her to slip and fall; there were no claims that debris was in her path, that she was distracted or that the lighting was poor. In opposition to the motions for summary judgment, appellants submitted the affidavit of an engineer who averred that the slope of the ramp was excessively severe; that the top surface texture of the ramp provided inadequate skid resistance; that the handrails provided were inadequate; and that its construction made the ramp a serious slip hazard for pedestrians walking down the ramp. Mrs. Rose averred that she had no knowledge prior to her fall that the ramp was in any way defective and that by stepping on it, her foot would lose traction and

she would fall.

### Case No. A91A1956

" 'In order to establish a right of recovery against (an owner or occupier of land) for negligently allowing a hazardous or defective condition to exist on the premises, a plaintiff-invitee must prove that the owner had superior actual or constructive knowledge of the existence of the condition and of the danger presented thereby. [Cits.] However, to prevail on motion for summary judgment, the defendant in such a case, as movant, has the burden of proof and thus must establish the absence of such superior knowledge on its part, with all doubts and conflicts in the evidence being resolved in favor of the plaintiff. (Cits.)' [Cit.]" *Spivey v. Bd. of Education &c. County,* 194 Ga. App. 726 (391 SE2d 783) (1990). " ' "[I]f [the] invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." '[Cits.]" *Harmon v. Reames,* 188 Ga. App. 812, 814 (374 SE2d 539) (1988). The evidence is clear and unequivocal that Mrs. Rose had previously walked up and down the ramp in rainy weather, such that her knowledge of the alleged inadequacies was equal to that of the appellees. "When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]" *Rossano v. Am. Legion Post No. 29,* 189 Ga. App. 610, 612 (376 SE2d 698) (1988).

The trial court found that appellees never received a complaint about the condition of the ramp prior to the date of Mrs. Rose's fall and that there was no evidence that an employee was in the immediate vicinity to notice a dangerous condition or that appellees failed to exercise reasonable care in inspecting the premises; thus, no inference of constructive knowledge of a hazardous condition could be implied. Moreover, appellants failed to sustain the shifting evidentiary burden of demonstrating such superior constructive knowledge. See *Parker v. Food Giant, Inc.,* 193 Ga. App. 337 (2) (387 SE2d 615) (1989). Appellees also were under no duty to warn Mrs. Rose of a condition of which she had equal knowledge. " 'An invitee is under an equal duty with the owner to use her sight to discover any defect or dangers. (Cits.)' [Cit.]" *Roberts v. Gardens Svcs.,* 182 Ga. App. 573, 574 (356 SE2d 669) (1987). Based on the foregoing, we conclude that the trial court did not err in granting summary judgment to appellees.

*Case No. A91A1957*

In their cross-appeal, appellees contend the trial court abused its discretion in failing to dismiss this appeal for appellants' failure to timely file a transcript. Appellants' notice of appeal, filed on March 19, 1990, included the following language: "Transcript of evidence and proceedings will be filed for inclusion on the record on appeal." Because of this language, transmittal of the record to this court was delayed. However, no transcript was ever taken in the case. Appellees filed their motion to dismiss on July 11, 1990. Appellants explained that the language was mistakenly not deleted from its computer generated notice of appeal. The trial court determined that appellants' failure was a scrivener's error, was neither unreasonable nor inexcusable and that while appellees had no duty to inform appellants of the error, they could not rely on the language when they knew no transcript had been taken. The trial court noted that immediately upon being informed of the error, appellants corrected the error. The trial court has discretion to dismiss an appeal for failure to timely file a transcript, and inasmuch as the trial court determined that the delay in transmitting the record was neither unreasonable nor inexcusable (see *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990)), we find no abuse of discretion in the trial court's refusal to dismiss the appeal.

*Judgments affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 —

*Edwards, Friedewald & Grayson, James W. Friedewald,* for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Robert C. Semler, Philip P. Taylor,* for appellees.