A91A2005. WESTBROOK et al. v. M & M SUPERMARKETS, INC. et al.
(416 SE2d 857)

COOPER, Judge.

Appellants brought this action for negligence and loss of consortium against appellees for injuries suffered by appellant Fred Westbrook ("Mr. Westbrook") when he slipped and fell on an icy sidewalk in front of a store operated by a supermarket. The supermarket leased the premises from the owner. The trial court granted summary judgment to appellees, the supermarket operator and the owner of the store and the appellants appeal, contending that appellees were not entitled to summary judgment because genuine issues of fact remain for trial.

Mr. Westbrook testified in his deposition that on the day of the accident he had been at home most of the day because of the snow and ice which had accumulated on the ground and roads due to an earlier snowfall. Later in the day Mr. Westbrook left his house with his wife and daughter to go shopping. Prior to arriving at appellees' store, Mr. Westbrook had visited two other stores, where he noticed ice and snow on the sidewalks. As Mr. Westbrook was approaching appellees' store to go inside, he noticed ice and snow in the parking lot and also on the sidewalk in front of the store. Mr. Westbrook testified that as he walked from his car to the entrance of the store, he was being careful so that he would not fall. He stated that he appreciated the danger of icy sidewalks as he had previously witnessed persons fall on ice. Mr. Westbrook was able to enter the store and do his shopping; however, when he was leaving the store with his groceries, he slipped and fell on the icy sidewalk.

1. Appellants first argue that a question of fact exists as to whether Mr. Westbrook had knowledge of the ice and snow which had accumulated on the sidewalk in front of appellees' store. " ' "The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted." [Emphasis in original.] [Cit.]' [Cit.]" *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816, 817 (318 SE2d 239) (1984). It is apparent from the deposition testimony of Mr. Westbrook that there is no genuine issue of fact regarding his knowledge of the icy condition

of the sidewalk. He saw the ice in the parking lot and on the sidewalk as he carefully maneuvered his way from his car, across the icy sidewalk and into the store. Thus, contrary to appellants' contentions, Mr. Westbrook's knowledge was comprised of more than just his general knowledge of the severe weather conditions. "[He] was [also] aware of the specific condition [of the sidewalk] and of its dangerousness." *Favour v. Food Lion*, 193 Ga. App. 750, 751 (389 SE2d 22) (1989). Appellants' reliance on *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189 (210 SE2d 337) (1974) and *Telligman v. Monumental Properties*, 161 Ga. App. 13 (288 SE2d 846) (1982) is misplaced. "*Phelps* . . . involved [a] landlord and tenant [situation] in which the [tenant's] only ingress to and egress from [her] apartment [was] covered with ice and snow; therefore, the [tenant's] traverses of the known icy conditions were, in effect, not matters of choice." *Harris*, supra at 818. "In *Telligman*, supra, p. 16, this court acknowledged the 'superior knowledge' requirement for cases such as this but held that the evidence therein demonstrated 'conclusively that [plaintiff] had no actual knowledge of the "invisible" ice hazard.' " *Harris*, supra at 818. We conclude that there is no genuine issue of material fact concerning appellees' liability as an owner/occupier of land as a result of Mr. Westbrook's slip and fall.

2. Appellants contend in their second enumeration of error that they are entitled to recover based on Mr. Westbrook's status as an invitee for the owner's breach of the lease agreement which imposed a duty on the owner to keep the parking areas free of snow. It is undisputed that appellants were not parties to the lease agreement. " 'An action in tort cannot be maintained by a third person not privy to the contract . . . for a mere contractual obligation between the defendant and the other contracting party.' [Cit.]" *Buchanan v. Ga. Boy Pest Control Co.*, 161 Ga. App. 301 (1) (287 SE2d 752) (1982). Appellants' only right of action in tort, which was discussed in Division 1, is independent of the lease agreement between the owner of the premises and the operator of the store. See *Hand v. Harrison*, 99 Ga. App. 429 (2) (108 SE2d 814) (1959). Consequently, appellants' argument is without merit, and the trial court did not err in granting summary judgment to appellees.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 12, 1992.

*Hallman & Associates, Ronald W. Hallman, D. Jay Stewart, Sutton & Slocumb, Berrien L. Sutton*, for appellants.

*Bouhan, Williams & Levy, Wilbur D. Owens III, Frank W. Seiler, Fendig, McLemore, Taylor & Whitworth, Charles G. Spalding,*

*Philip R. Taylor*, for appellees.