A95A1545. STUDSTILL v. SMITH et al.
(464 SE2d 843)

McMURRAY, Presiding Judge.
In this slip and fall case, plaintiff Studstill was an employee of a tenant of a building owned by defendants Arthur R. Smith and Arthur K. Smith. Plaintiff walked in and out of the building several times a day over a period of approximately two years and thus had ample opportunity to become familiar with the stairs where she fell. Plaintiff knew of the absence of handrails and anti-skid strips. It was raining on the day plaintiff fell, and she was aware the stairs were wet. There is no evidence of any foreign substance or irregularity in the surface of the brick steps. The state court granted defendants' motion for summary judgment, and plaintiff appeals. *Held:*

Plaintiff presents three arguments on appeal. First, she contends that the trial court failed to recognize and apply the proper law insofar as her claim is predicated on landlord-tenant law, that is, defendants' liability for defective construction or for failure to keep the

premises in repair. Secondly, plaintiff maintains genuine issues of material fact remain as to the necessity of her using the stairs on which she fell because they were the only available means of entering or leaving the building. Finally, plaintiff argues that issues of material fact remain regarding defendants' superior knowledge of the defective construction of the steps since they are architects who have superior knowledge of materials and design and construction techniques.

Defendants have answered all of these arguments by reference to their uncontroverted evidence that the stairs complied with all applicable building codes and were constructed with standard-sized bricks with a wire cut finish which are a widely used and commonly accepted material for entryway steps. Defendants also presented evidence that in the ten years since the steps were built, there had been no complaints that they were slippery or defective. Since the steps were constructed of a material commonly accepted in the building industry, the standard of ordinary care had been met. *Cole v. Cracker Barrel*, 210 Ga. App. 488, 489 (436 SE2d 704). This being the case, plaintiff's evidence as to various ways the steps could have been made even safer is immaterial. *Madaris v. Piggly Wiggly Southern*, 205 Ga. App. 405, 406 (1) (422 SE2d 273). "There is scarcely any material that might be used in construction that isn't made somewhat slippery by the presence of water. That is a matter of common knowledge, and, since it is, it behooves us all to use a measure of precaution in walking upon wet surfaces. 'It is common knowledge that people fall on the best of sidewalks and floors.' [Cit.]" *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 172 (1) (138 SE2d 77).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 20, 1995 —
RECONSIDERATION DENIED DECEMBER 1, 1995 —

*O. Wayne Ellerbee, Laurie Paterson*, for appellant.
*Clyatt & Clyatt, Russell C. Wallace, Young, Thagard, Hoffman, Scott & Smith, Daniel C. Hoffman*, for appellees.