A95A1771. METROMEDIA STEAKHOUSES COMPANY, L. P. v. RAY.
(466 SE2d 618)

McMURRAY, Presiding Judge.

Reverend Frank Ray (plaintiff) brought this tort action seeking to recover for personal injuries received when he slipped and fell while an invitee of defendant Metromedia Steakhouses Company, L. P. ("Metromedia"). The evidence adduced at trial showed that plaintiff slipped and broke his leg while walking up a yellow, sloping wheelchair ramp leading to Metromedia's Ponderosa Steakhouse in Macon, Georgia. At the time, it was raining and the ramp was wet. There is no railing to this short ramp, nor is there any warning sign

indicating that the ramp can become slippery when wet. Plaintiff had previously traversed this ramp as many as "50, 100 [times], or better." But he had never done so in the rain. Robin William Lyons, Jr., a former general manager of Metromedia's Ponderosa Steakhouse in Macon, Georgia, testified that his then-subordinate, Ken "Vaughn[,] and several other employees did indicate to me that someone fell on the premises before Mr. Ray did." Plaintiff's Exhibit 1 is the incident report of this prior injury, as made out by Ken Vaughn on February 2, 1992. This report recites that "Customer alleges as she was leaving unit she slipped on handicapped ramp and twisted her leg[,] falling to ground." This report specifically identified the "parking lot handicapped access ramp with yellow paint" as the object or substance which directly injured the customer. The victim of that prior fall, Juanita Zodun, affirmed that "when [she] fell it had been raining[.]"

The trial court's charge to the jury included an instruction that "[e]very person has a duty to use ordinary care for his . . . own safety. If you should determine from the evidence that Plaintiff failed to use ordinary care and that this failure was the sole proximate cause of Plaintiff's injuries, then the Plaintiff could not recover from the Defendant." The jury nevertheless "found for the Plaintiff in the sum of $40,000." Defendant appeals from the judgment entered on this verdict. *Held*:

1. "Once a case has been submitted to the jury and a judgment rendered on its verdict, the denial of a summary judgment motion is a moot issue. *White v. Lance H. Herndon, Inc.*, 203 Ga. App. 580 (1) (417 SE2d 383)." *R. T. Patterson Funeral Home v. Head*, 215 Ga. App. 578, 581 (1) (a) (451 SE2d 812) (physical precedent). Consequently, the issue raised in Metromedia's first enumeration is moot and presents nothing for decision on appeal.

2. In related enumerations, Metromedia contends the trial court erred in denying its motion for directed verdict. Metromedia argues first that plaintiff failed to exercise ordinary care for his own safety. Metromedia further argues that the evidence failed to show that it had superior knowledge of the hazard posed by the wet ramp. We disagree.

"A directed verdict is proper only '(i)f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict(.)' OCGA § 9-11-50 (a)." *Vickery Ins. Agency v. Chambers*, 215 Ga. App. 48, 50 (449 SE2d 885). "In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. The standard used to review the grant or denial of a directed verdict is the 'any evidence' test. [Cit.]" *Southern R. Co. v. Lawson*, 256 Ga. 798, 799 (1) (a) (353 SE2d 491). In our view, the evidence authorized the

jury's verdict in favor of plaintiff based on the knowledge of Metromedia that the yellow painted ramp was slippery when wet and the absence of such knowledge on the part of plaintiff. This is sufficient evidence to go to the jury and to authorize plaintiff's recovery under the authority of *Alterman Foods v. Ligon*, 246 Ga. 620, 621 (272 SE2d 327). See, e.g., *Martin v. Sears, Roebuck & Co.*, 253 Ga. 337, 338 (320 SE2d 174). Since as the dissent concedes, plaintiff had never previously traversed this ramp in the *rain*, we do not agree that the hazard of a *wet* ramp was, as a matter of law, "a longstanding, patently open and obvious condition which could have been discovered through the exercise of ordinary care." (Dissent, post). Any reliance upon *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114, 115 (427 SE2d 86) is misplaced. In *Quisc*, there was no invisible slippery hazard posed by rain. Rather, that plaintiff "assumed she slipped on the sloped threshold of the door where she fell." Id. Moreover, in *Quisc*, it was undisputed that "several 'Watch Your Step' signs were posted in the restaurant, including one posted to the right of the door opening where [that] plaintiff fell." Id. Unlike the case sub judice, in *Quisc*, that plaintiff was warned of the very danger to which she attributed her fall but failed to heed that warning. Consequently, her failure to exercise ordinary care for her own behalf was the legal cause of her injuries. In the case sub judice, Metromedia does not present evidence that it had a railing on the ramp or a warning that the slope was slippery when wet. Furthermore, the hazard posed by *accumulated* water is completely distinguishable from the invisible danger posed by a slippery incline where water cannot accumulate. Consequently, cases such as *Layne v. Food Giant*, 186 Ga. App. 71 (366 SE2d 402), are inapposite and the dissent's reliance thereon is misplaced. Since the hazard of the wet, sloping ramp is *not* open and obvious, this case falls within the general rule that the question whether plaintiff failed to exercise ordinary care is to be resolved by the jury and not by the courts. *Whitley v. Hulon*, 194 Ga. App. 363, 364 (390 SE2d 598). The jury's verdict resolved that issue, as well as credibility issues posed by the self-serving and impeached testimony of Metromedia's manager, Ken Vaughn, against Metromedia and in favor of plaintiff. In our view, we are not authorized to disturb the judgment entered on that verdict for any grounds alleged in Metromedia's motion for directed verdict. The trial court correctly denied Metromedia's motion for directed verdict.

*Judgment affirmed. Beasley, C. J., Pope, P. J., Blackburn and Ruffin, JJ., concur. Birdsong, P. J., Andrews, Johnson and Smith, JJ., dissent.*

ANDREWS, Judge, dissenting.

I respectfully dissent because the alleged hazard was a longstanding, patently open and obvious condition which could have been dis-

covered through the exercise of ordinary care. *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114, 115. (427 SE2d 86) (1993). Theoretically, the sole basis for imposing liability on Metromedia would be its superior knowledge of the allegedly hazardous condition. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (422 SE2d 305) (1992). However, Ray was under an equal duty to use his sight to discover any defects or dangers. *Rose v. Kennesaw House,* 203 Ga. App. 648, 649 (417 SE2d 379) (1992). Because the condition was open and obvious, Ray in effect had equal knowledge of the hazard. *Froman v. George L. Smith &c. Auth.*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990). Ray even admitted that the ramp was easy to see. Moreover, the evidence showed that Ray had previously traversed the two or three feet long yellow-painted concrete ramp as many as 200 times before, although never in the rain.

The fact that Ray's injury occurred in the rain, however, is immaterial. It is common knowledge that in rainy conditions, water will accumulate on surfaces, particularly those exposed to the elements. See *Layne v. Food Giant,* 186 Ga. App. 71 (366 SE2d 402) (1988). Metromedia owed Ray a duty no greater than to protect him from an unreasonable risk of harm. Id. We have held that " ' "[t]he risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect to anticipate." ' " Id. This common sense rule applies equally to exterior surfaces, whether they are flat or sloping. See *Bowman v. Richardson*, 176 Ga. App. 864 (338 SE2d 297) (1985) (requiring plaintiffs to show lack of knowledge of foreign substances "such as water on a ramp" to recover).

The majority opinion neglects the issues of breach of duty and causation and ignores the fact that hundreds of invitees used the ramp without falling. Ray presented no evidence that the ramp when wet created an increased risk to invitees. He offered only disputed evidence that on another rainy day one elderly woman fell, but he failed to show her fall was actually caused by any action of Metromedia.[1] By refusing to hold Ray to his burden of proof, the majority, in effect, overlooks the elementary rule that landowners are not the insurers of their invitees' safety and blurs the distinction between negligence and strict liability. *Westbrook v. M & M Supermarkets*, 203 Ga. App. 345, 346 (416 SE2d 857) (1992).

Furthermore, the majority fails to address just what Metromedia

---

[1] The majority makes much of the fact that the incident report of this fall states that the ramp caused the fall. However, at trial the woman who actually fell denied falling on the ramp and on deposition denied the ramp had anything to do with her fall. She also testified that her daughter provided the information in the report.

could have done in this case to avoid liability. Instead, it simply asserts that Metromedia failed to present evidence that it had a railing on the ramp or a warning sign. However, Ray did not allege that the ramp was in any way defective. He never argued that the slope was excessive or that handrails or a warning more extensive than the yellow paint already covering the ramp was required. Moreover, the ramp was only two or three feet long with a slope wide enough to allow wheelchair access from the parking lot up to the sidewalk in front of the restaurant which was no more than five or six inches higher. The functional equivalent of such ramps is at most urban intersections. What steps are required to preclude proprietor liability under the majority's reasoning — a forest of handrails at every corner and a thicket of warning signs near every dip and pitch, on surfaces where common sense clearly shows they are slippery when wet? Metromedia should not face liability for failing to warn of the obvious. *Studestill v. Smith*, 219 Ga. App. 251 (464 SE2d 843) (1995) (noting that as "a matter of common knowledge" materials are more slippery when wet). Because Ray simply failed to exercise ordinary care for his own safety by observing what was patently obvious, his recovery should be barred. *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994); *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (422 SE2d 305) (1992).

I am authorized to state that Presiding Judge Birdsong, Judge Johnson and Judge Smith join in this dissent.

DECIDED DECEMBER 5, 1995 —
RECONSIDERATION DENIED DECEMBER 20, 1995 —

*Smith, Gambrell & Russell, David A. Handley, Dana M. Richens*, for appellant.
*Edwards & Youmas, Lonzy F. Edwards*, for appellee.