## A98A1684. PIERCE v. GOLDEN CORRAL CORPORATION.

(514 SE2d 470)

RUFFIN, Judge.

Mary J. Pierce sued Golden Corral Corporation for injuries she sustained when she slipped and fell on a foreign substance in Golden Corral's parking lot. The trial court granted Golden Corral's motion for summary judgment, and Pierce appeals. Because issues of fact remain as to Golden Corral's liability, we reverse.

> It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. This requires a de novo review of the evidence.

(Citation and punctuation omitted.) *Dumas v. Tripps of North Carolina*, 229 Ga. App. 814 (495 SE2d 129) (1997).

Viewed in a light most favorable to Pierce, the evidence shows that on August 4, 1993, between 4:00 and 5:00 p.m., Pierce and her husband went to the Golden Corral restaurant for dinner. Pierce's husband drove them to the restaurant and parked in front. When the Pierces arrived, it was not raining.

While the Pierces were in the restaurant, it started raining. When they left, it was still raining, and Pierce, who did not have any rain gear, testified that she "might have been [walking] a little faster . . . than usual" to get to the passenger side of her car. The asphalt parking lot was wet at that time. Pierce was going around to open the door when she slipped and fell, breaking her knee. After she fell, Pierce noticed black oil on her jeans. Pierce explained that at the time she fell, she could not see the oil slick because "[i]t was raining and wet. You couldn't tell it from the blacktop. . . . It just all was the same." In her affidavit, Pierce says she knew there were oil spots in the parking lot from previous visits, but that she did not see this particular oil spot before her fall.

Juanita Arrington, Golden Corral's assistant manager at the time of the incident, testified that, at the time of Pierce's fall, she knew there were oil or grease spots in the parking lot where cars parked. She said those spots had probably been there for a week or more. Arrington testified that the only reason she had not cleaned up the oil spots was that she did not have anything to clean them.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the

exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [her]self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

As an initial matter, a jury clearly could conclude that Golden Corral had actual knowledge of the alleged hazard in its parking lot. Golden Corral admits that it knew of the oil spots in its parking lot prior to Pierce's fall, that it did nothing to clean these spots, and that it knew it had rained while Pierce was dining in its restaurant.[1] See *Sutton v. Winn Dixie Stores*, 233 Ga. App. 424, 425 (504 SE2d 245) (1998) (testimony of store manager regarding knowledge of dangerous condition may satisfy first prong of "actual knowledge by the owner/occupier"). Although Arrington claims that she did not know water could make oil more slippery, whether that is common knowledge is clearly a matter for the jury to decide. Thus, the relevant question under *Robinson*, supra, becomes whether Pierce lacked knowledge of the hazard despite the exercise of ordinary care. Id. at 749. We find that Golden Corral has not met this burden.

Pierce, who was a regular customer at the restaurant, admitted that she had seen oil on the parking lot on previous occasions, but said that she did not see the oil slick in question before she fell. We do not think that, simply because a patron has seen oil spots on previous occasions, she is automatically charged with knowledge of every single oil spot that may be present in the parking lot on any given day. Since the evidence, viewed in the light most favorable to Pierce, shows that she had not seen the particular spot she slipped in, we cannot say as a matter of law that she had knowledge of such oil spot.

Nor can we say as a matter of law that Pierce failed to exercise ordinary care for her own safety in walking to her car. "[T]he issue is whether, taking into account all the circumstances existing at the time and place of the fall, [Pierce] exercised the prudence the ordinarily careful person would use in a like situation." *Robinson*, supra at

---

[1] In her affidavit, Pierce stated that the rain and oil *together* caused her fall, while in her deposition she testified that *only* the oil caused her to fall. It makes no difference to our analysis whether it was the oil *and* rain together or simply oil that caused her fall. The relevant inquiry is whether Pierce exercised reasonable care for her safety in crossing the lot under these circumstances.

748. It is true that Pierce, who did not have an umbrella or any other rain gear, walked "a little . . . faster than usual" from the restaurant to her car. However, we cannot say as a matter of law that Pierce was negligent because she elected to walk to her car in the rain instead of waiting inside the restaurant until the parking lot dried. Likewise, we cannot say as a matter of law that in making the decision to walk to her car, she unreasonably exposed herself to any hazards. As the Supreme Court emphasized in *Robinson*, questions regarding a "plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." Id. at 748. The present case presents precisely the type of issues that the Supreme Court intended to be resolved by the jury, i.e., (1) whether Pierce walked too fast for conditions and (2) whether she should have been more careful in light of the fact that she had seen oil spots elsewhere on the parking lot on previous occasions.

Thus, we hold that Pierce's alleged failure to exercise ordinary care for her safety is not established, as a matter of law, by her admission that she knew of the existence of oil spots in the parking lot and by her decision to traverse that lot in the rain. "Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, [Pierce] exercised the prudence the ordinarily careful person would use in a like situation." *Robinson*, supra at 748. Accordingly, the trial court erred in granting Golden Corral summary judgment. See id.

*Judgment reversed. Pope, P. J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur because of the directions given in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). Nevertheless, to allow a jury to consider liability of the premises owner in this case comes very close to requiring defendant to be an insurer of safety for its customers. While it can be said that the presence of oil which has dripped from customers' vehicles and those of other business invitees is a common condition on the parking lots of commercial establishments, plaintiff Pierce had actual knowledge, due to her frequent visits to the restaurant, that this condition existed all over its lot. There is no evidence she ever complained of it but instead apparently successfully negotiated it innumerable times. As the trial judge explained in its order setting out the rationale for its conclusion:

The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the

perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted.

(Punctuation omitted; emphasis in original.) *Westbrook v. M & M Supermarkets*, 203 Ga. App. 345 (1) (416 SE2d 857) (1992). Although the restaurant's assistant manager also knew of oil or grease spots in the parking lot, that should not constitute the superior knowledge which would subject defendant to liability.

DECIDED MARCH 15, 1999 —
RECONSIDERATION DENIED MARCH 30, 1999 — ■■■■■■

*Buzzell, Graham & Welsh, Neal B. Graham*, for appellant.
*Miller & Towson, John D. Raines III*, for appellee.