### 45272. SMITH v. BEL-ARBOR, INC.

JORDAN, Presiding Judge. The plaintiff, a private duty nurse in a nursing home operated by the defendant, knowing that the hallway was wet from recent mopping, and having warned a visitor of the condition, slipped and fell in a hallway while carrying a lunch tray from her patient's room to a food cart. She seeks damages for her injuries, and appeals from the grant of a summary judgment for the defendant. *Held:*

We affirm. The plaintiff was well aware of the hazardous situation in the hallway, and the foreseeable consequences of walking thereon. She left her patient's room at the same time as a visitor, and noting the condition of the hallway, cautioned the visitor to exercise care, and then proceeded to walk in the hallway. After going about 20 feet she "realized it was something slippery." She then held a handrail with her right hand, and the tray of dirty dishes with her left. She fell when she turned loose the handrail to walk past a doorway. Her immediate remark after falling was "I feel silly because I knew the floor was wet." The fact that her elderly patient had displayed an eccentricity about having dirty dishes in her room discloses no emergency whereby the plaintiff was required to make use of the hallway to remove the dishes from the room.

The admitted awareness of the condition as here shown, as well as the reasonably foreseeable and predictable result of use in the manner shown, eliminate any duty which might otherwise have required the defendant to warn the plaintiff or take other precautions. If the proximate cause of the plaintiff's misfortune is attributable to negligence, it is her own disregard of the hazards involved in walking on a known slippery surface. Recognizing that ordinarily negligence, proximate

cause, and related issues are matters for jury determination, we consider it to be the duty of the courts, in a clear and palpable case, as here, where the facts are undisputed, and where the proximate cause of the plaintiff's injuries is clearly and indisputably her own conduct, with full awareness of the danger involved, to dispose of the case as a matter of law without resort to trial by jury. See *Winters v. Morrison's Cafeteria,* 121 Ga. App. 98 (172 SE2d 878); *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (138 SE2d 77).

The recent case of *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178), is distinguishable on its facts, including, among other things, a failure to warn, or to take other cautionary action, in respect to a danger of which the plaintiff had not acquainted himself.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED APRIL 8, 1970—DECIDED MAY 8, 1970.

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellant.

*Jones, Cork, Miller & Benton, Carr G. Dodson,* for appellee.