## 53606. HULL v. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

BANKE, Judge.

The appellant brought suit against the appellee, which owned the apartment in which she resided, for injuries suffered in a fall on a common stairway in the apartment complex. Summary judgment was granted for the appellee, and the appellant appeals.

During a period of cold weather, ice would often form on the stairway in question due to a defect which was allegedly known by the appellee. The stairway was the sole means of egress from the appellant's apartment. On the day of the appellant's fall, she went to work in the morning at a time when no ice was present on the stairs. When returning home for lunch, she discovered the dangerous area. With full knowledge of the danger, she slipped while traversing the ice on her return to work. Summary judgment was granted in the defendant's favor based on a holding that the appellant had assumed the risk, thus precluding her recovery. *Smith v. Bel-Arbor, Inc.,* 121 Ga. App. 739 (175 SE2d 146) (1970) was cited in support of the court's decision.

In *Smith,* a private duty nurse carried her patient's empty lunch tray down a hospital hall which she knew was in a slippery and dangerous condition as a result of a recent mopping. She slipped and fell. Summary judgment was granted the hospital as a result of the nurse's

assumption of risk.

The evidence in *Smith* "disclose[d] no emergency whereby the plaintiff was required to make use of the hallway to remove the dishes from the room." 121 Ga. App. p. 739. In other words, there was nothing making it necessary for the nurse to venture into the hall at that particular moment, instead of after the danger had subsided. It is in that particular that *Smith* differs from the instant case. In the case sub judice there is evidence from which a jury could find that it was *necessary* for the appellant to cross the ice in order to return to work. Because questions of negligence and assumption of risk, except in plain, palpable, and indisputable cases, may not be decided on summary judgment (*Stern v. Wyatt,* 140 Ga. App. 704 (231 SE2d 519) (1976)), we reverse the order of the trial court. To hold otherwise, we would make the appellant a captive in her own apartment during cold weather, forcing her to abandon her very means of livelihood until such time as the appellee found it convenient to remedy the dangerous situation. See *Phelps v. Consolidated Equities Corp.,* 133 Ga. App. 189 (4) (210 SE2d 337) (1974).

The case at bar is also distinguishable from *Auerbach v. Padgett,* 122 Ga. App. 79 (176 SE2d 193) (1970), which the appellee cites in support of the judgment below. In *Auerback,* the plaintiff "could have stepped over the [icy] place, or around it on either side, but did not." 122 Ga. App. p. 80. The appellant in the instant case allegedly had no alternative but to traverse the ice if she wished to leave her apartment. See *Phelps v. Consolidated Equities Corp.,* supra.

It is for the jury to determine whether the appellee was negligent and whether the appellant assumed the risk. If the jury should determine that the appellant could reasonably have avoided the dangerous ice by remaining in her apartment or by taking further actions on her own accord to lessen the danger, then it must find that she assumed the risk.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

Argued March 8, 1977 — Decided April 19, 1977 —

REHEARING DENIED MAY 11, 1977 — 

*Ross & Finch, A. Russell Blank, Ellis Ray Brown,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for appellee.