A92A0944. SHANSAB v. HOMART DEVELOPMENT COMPANY, INC.
(422 SE2d 305)

BIRDSONG, Presiding Judge.

This is an appeal from a grant of summary judgment in behalf of appellee/defendant, Homart Development Company, in a slip and fall case.

On an icy and rainy morning, the engineering staff of appellee discovered that the upper parking deck of their office building was covered with a hazardous sheet of ice. They put up cones to block entrance to the upper parking level, but someone moved the cones and appellant, an employee of a tenant company in the building, drove her car to the top to park to go to work. Appellant exited her car, took a few steps while holding onto her car for support, and fell. *Held*:

1. A movant/defendant who will not bear the burden of proof at trial need not affirmatively disprove the non-moving party's case; instead, the burden on the moving party is discharged by establishing by "evidence in the record that there is an absence of evidence to

support at least one essential element of the non-moving party's case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474). Summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. Id.

2. The record reveals certain factual contradictions between appellant's sworn affidavit and deposition testimony which have not been reasonably explained.

Appellant testified in her deposition that, although it was a horrible day because of the weather conditions, she had to go to her office. Upon driving upon the ramp to the parking deck, she did see cones bunched together; this caused her to hesitate for a second, because there were no cones there any other time; she saw other cars parked on the upper level and the center part of the driveway was open; she concluded that the reason for the cones must have been cleared; she drove to the side of the parking level closest to her office, and "came down the middle." She decided to park in the middle because she wanted to take that entrance. "So I parked there and I got out of my car. And . . . *when I closed the door . . . then I noticed there was a thick layer of ice, and that's . . . when I noticed that this was dangerous.* So I held onto my car and I said well, *it's maybe a few steps*, and when I took that first step somehow I fell down." (Emphasis supplied.) Although appellant stated she had never seen ice like this before, she also testified that this was not the first time she had ever walked on ice, and she also had "jogged" on salted or sanded ice. Appellant further clarified in her testimony that she first saw the ice on the parking deck "when I looked down" after getting out of her car; the ice was shiny. She believes she took one or two steps when she fell and was holding onto her car for support at the time. Appellant denied that she had testified that "I saw the ice before I took the first step," and stated she noticed the ice as she was taking or trying to take the first step. She also testified the first time she saw ice on the upper parking deck was when she "was on top of it standing."

Thereafter, appellant was questioned over certain portions of her prior affidavit. She testified that whatever she put down in the affidavit was the truth of what happened the day of the incident, and she would not lie. Her affidavit reveals the following pertinent assertions of fact: The weather was icy and rainy; as she reached the top of the driveway leading to the parking deck, she could see about 20 cars parked in that area; there were about three cones bunched together on both the left and right of the driveway, so cars could easily pass through them; seeing the cones she hesitated but assuming no problem existed she drove onto the deck and parked her car; "*as I opened my car door and looked down, I realized that there was a sheet of*

*ice.* With no alternative, *I attempted to get out of my car.* I was edging my way along the side of the car when suddenly my legs slipped out from under me. Immediately, someone else who had parked . . . was present to help me." (Emphasis supplied.) We find that appellant's sworn statement in her affidavit that she saw a sheet of ice when she opened her car door and looked down and attempted to get out of her car is in contradiction of her deposition testimony that she noticed the ice after getting out of her car and closing the door. Being contradictory testimony, which contains no reasonable explanation of the particular inconsistencies involved, the inconsistencies will be construed against appellant. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). Accordingly, we construe this portion of her testimony as establishing that she saw a sheet of ice when she opened her car door and before she attempted to get out of the car.

3. Assuming appellant was a business invitee and not a mere licensee, the proprietor owed a duty towards her to exercise ordinary care in keeping the premises and approaches safe. OCGA § 51-3-1. A proprietor is not an insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. *Lau's*, supra at 492 (1).

"In order for a plaintiff in a slip and fall case such as this to recover, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee. Stated another way, liability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative knowledge possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risk and dangers incident to the known condition. Thus, in cases such as the instant one, where an invitee has slipped and fallen on a foreign substance such as ice, knowledge is the decisive issue and the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." (Citations and punctuation omitted.) *Telligman v. Monumental Properties*, 161 Ga. App. 13, 14 (2) (288 SE2d 846). The superior/equal knowledge rule then " 'is the practical application of a rule that a knowledgeable plaintiff cannot recover damages if by ordinary care he could have avoided the consequences of defendant's negligence.' " *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 242 (1) (390 SE2d 248). Therefore, the legal

issue in the instant case is whether the evidence, when construed most favorably for appellant, demonstrates as a matter of law that appellant did not have knowledge superior or equal to that of appellee of the icy condition or hazard which resulted in the slip and fall. *Telligman*, supra. After applying the rule of *Prophecy*, supra, we find the record demonstrates as a matter of law, by plain, palpable, and indisputable evidence, that appellant had equal knowledge of the icy condition or hazard but nevertheless thereafter attempted to cross the icy parking deck on foot.

4. Appellant, however, contends that she could not avoid the consequences of appellee's alleged negligence, as she had no reasonable alternative but to attempt to cross the icy deck to get to her office. In support of her contention, appellant relies upon *Hull v. Massachusetts Mut. Life Ins. Co.*, 142 Ga. App. 269 (235 SE2d 601) and *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189 (210 SE2d 337). These cases are factually distinguishable and are not controlling. Both *Hull* and *Phelps* concern situations where *tenants* were confronted by ice and snow covering their only route of ingress or egress from their apartments. Additionally, in *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158, 159-160 (335 SE2d 408), this court distinguished *Hull* and *Phelps* noting that in those cases plaintiff had no alternative but to traverse the ice if she did not want to be *a virtual prisoner in her own apartment*. The *Grier* court held this constituted an important distinction from those cases where plaintiff is "merely a store customer." Likewise, we decline to extend the precedent of *Hull* and *Phelps* to plaintiffs on their way to work who are merely employees of a tenant whose office is located in the proprietor's building.

Additionally, appellant made admissions in judicio in her deposition (*Pate v. Ga. Southern &c. R. Co.*, 196 Ga. App. 211, 212 (395 SE2d 604); see *Long v. City of Midway*, 169 Ga. App. 72, 74 (311 SE2d 508)) that: she drove to the side of the upper parking level closest to her office, and "came down the middle" of the upper parking level; she did not experience any trouble driving on or stopping on the deck; and the ramp was wet but not icy and it was fine.

Also any contradictory testimony or statements by appellant, as to these matters, and for which no reasonable explanation for inconsistencies was given, would have to be construed against her pursuant to the rule of *Prophecy*.

5. Where the facts conclusively show by plain, palpable and undisputed evidence that defendant was not at fault, such case properly may be resolved as a matter of law through the vehicle of summary judgment. *Soto v. Roswell Townhomes*, 183 Ga. App. 286, 288 (358 SE2d 670).

Appellant's enumerations of error are without merit. Compare *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816 (318 SE2d 239).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 10, 1992.

Rubin, Winter & Rapoport, Joseph M. Winter, Michelle B. Rapoport, for appellant.

Chambers, Mabry, McClelland & Brooks, Douglas F. Aholt, for appellee.