## A95A1363. AMERSON v. KELLY et al.
### (465 SE2d 470)

ANDREWS, Judge.

Ruth Amerson appeals from the trial court's order granting summary judgment to Kelly's Food and Gas ("Kelly's"). We affirm the order of the trial court.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.] A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewing all the evidence in the light most favorable to the plaintiff, the record shows that on March 2, 1992, around 11:00 in the evening, Ms. Amerson drove to Kelly's to get gas. She had been to these same gas pumps approximately eight times to put gas in her car. Her previous trips had been at different times of the day and night. There was a canopy over the pump island with four lights, and there were also two security lights, one of which was in front of the store and lighted the gas pumps and the parking lot. In addition, there were lights on the front of the store. Amerson pulled up with the right side of her car immediately adjacent to the island, got out of her car and walked around to the other side to take off the gas cap. She removed the gas nozzle and was turning to put it into the gas tank when she fell to the pavement, injuring her left knee. Amerson then discovered that the cause of her fall was the uneven pavement, specifically a portion of the island which was raised approximately one inch above the rest of the pavement.

Amerson claims that due to the location of the overhead lighting, the car's shadow prevented her from seeing clearly the uneven pavement. Amerson states that she was not looking at the ground because her attention was diverted by the task of getting the nozzle in order to pump gas into her car.

Sam Kelly, the owner of Kelly's, testified at his deposition that he had not repaved or made any changes to the gas islands since he took over the station from Majik Market in 1991. He further testified that he had never known anyone to complain or report a fall on the gas pump island.

To prevail in a slip and fall case, a plaintiff must show that the landowner had superior knowledge of the condition or hazard on the premises causing an unreasonable risk of harm. A landowner's superior knowledge is negated, and is equal to that of the plaintiff, where the plaintiff in the exercise of ordinary care for her own safety knew or should have known of the hazard. See generally *Alterman Foods v. Munford*, 178 Ga. App. 214 (342 SE2d 480) (1986); *Adams v. Winn-Dixie Stores*, 192 Ga. App. 892 (386 SE2d 686) (1989); *Hudson v. Quisc, Inc.*, 205 Ga. App. 840 (424 SE2d 37) (1992); *Jester v. Ingles Market*, 206 Ga. App. 327 (425 SE2d 323) (1992).

Broken or uneven pavement is a "static" condition which is not dangerous unless someone fails to observe it and steps into it. *Gaydos v. Grupe Real Estate &c.*, 211 Ga. App. 811, 813 (440 SE2d 545) (1994). In cases involving "static" conditions, "if the invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition." (Citation and punctuation omitted.) *Rose v. Kennesaw House*, 203 Ga. App. 648, 649 (417 SE2d 379) (1992). Further, "when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citation and punctuation omitted.) *Rose*, supra.

Amerson had successfully negotiated the pavement around the gas pumps eight times before, both during the day and at night. As stated previously, Sam Kelly testified that no one had ever complained of the uneven pavement. However, even if Kelly's could be assumed to have constructive knowledge of this potentially dangerous condition, they were justified in believing that Amerson would have either discovered the condition or realized the risk involved. *Jeter v. Edwards*, 180 Ga. App. 283, 284 (349 SE2d 28) (1986). Although Amerson claims that the uneven pavement was in the shadow of her car and she was distracted due to reaching for the gas nozzle and turning to put it in the gas tank, that avails her nothing in this case. She had successfully negotiated this same gas island several times previously and is presumed to have knowledge of the condition of the pavement. *Rose*, supra. Further, it was incumbent upon her, as a matter of law, to use her eyesight to discover any possible hazards. *Emory*

*Univ. v. Duncan*, 182 Ga. App. 326, 329 (355 SE2d 446) (1987).

For the reasons discussed above, we find that there are no genuine issues of fact for a jury to consider. Accordingly, the trial court's granting of summary judgment to defendant was proper.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Johnson and Smith, JJ., concur. McMurray, P. J., Pope, P. J., Blackburn and Ruffin, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the judgment of affirmance. Under the facts as recited by the majority, a jury question is presented as to whether plaintiff failed to exercise ordinary care for her own safety under all the attendant circumstances. Consequently, it is my view that the case sub judice is controlled favorably to the plaintiff by the whole court decision in *Pinkney v. VMS Realty*, 189 Ga. App. 177 (375 SE2d 90). In *Pinkney*, just as in the case sub judice, the plaintiff "conceded that she was aware of the existence of the [alleged hazard] and that she could have seen [the difference in height or] the drop-off if she had 'looked for it very closely,' but she indicated that its location was not readily observable because the two levels appeared to blend together due to the [inadequate] lighting. . . ." Thus, the whole court reversed the grant of summary judgment, holding that "[w]hether [plaintiff's] failure to see the ledge constituted a lack of due care for her own safety under these circumstances and whether, if so, her [own] negligence outweighed any possible negligence on the part of the [premises owner or occupier] in failing to provide . . . warning markers, and/or better lighting are issues of fact to be resolved by a jury. [Cits.]" *Pinkney v. VMS Realty*, 189 Ga. App. 177, 179, supra. It is well settled in Georgia, however, that questions of negligence, diligence, comparative negligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain, palpable and indisputable cases. See, e.g., *Mixon v. City of Warner Robins*, 264 Ga. 385, 389 (2), 391 (444 SE2d 761). In my view, the case sub judice falls within the general rule rather than the rare exception, such that summary judgment was inappropriate. As my colleagues in the majority nevertheless would affirm, I respectfully dissent.

I am authorized to state that Presiding Judge Pope, Judge Blackburn and Judge Ruffin join in this dissent.

DECIDED NOVEMBER 16, 1995 —
RECONSIDERATION DENIED DECEMBER 6, 1995 —

*O'Neal, Brown & Sizemore, James M. Wootan*, for appellant.

*Groover & Childs, Craig M. Childs*, for appellees.