**WHOLE COURT**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 27, 2017**

# In the Court of Appeals of Georgia

A17A0586. VININGS RUN CONDOMINIUM ASSOC., INC., et al.
v. STUART-JONES.

BETHEL, Judge.

Vinings Run Condominium Association, Inc. and Access Management Group, L.P. (collectively, the "appellants") appeal the denial of their motion for summary judgment. They argue that the plaintiff in the underlying action, Linda Stuart-Jones, had equal or superior knowledge of the allegedly unsafe conditions surrounding an outdoor staircase and that such knowledge should bar her recovery. The appellants further argue that the trial court erred in finding that the necessity rule applies because Stuart-Jones does not have a landlord-tenant relationship with the appellants. We agree and reverse.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law." OCGA § 9-11-56 (c). "In response to a properly supported motion for summary judgment which pierces the pleadings, plaintiffs may not stand upon their allegations, but must come forward with evidence to contravene defendants' proof or suffer judgment." *Essien v. CitiMortgage, Inc.*, 335 Ga. App. 727, 727 (781 SE2d 599) (2016) (citations omitted).

> Summary judgment enjoys no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant or denial of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

*Id.* at 728 (citation and punctuation omitted).

Viewed in this light, the evidence shows that Stuart-Jones had a verbal agreement with the owner of a condominium to lease-purchase the home. Stuart-Jones had been residing in the condominium since 2007. In her deposition, Stuart-Jones testified that she had previously made requests to maintenance regarding the need for lighting and an additional handrail on the concrete stairs leading from the parking lot to her condominium. However, she contends these requests were ignored.

2

Subsequently, after returning home one evening, Stuart-Jones fell while ascending the concrete stairs. She suffered some injuries from that fall.

Stuart-Jones brought suit against the condominium association, Vinings Run Condominium Association, Inc., and the management company, Access Management Group, L.P., seeking recovery for these injuries. Stuart-Jones alleged that the appellants were responsible because they had failed to install adequate lighting and other features necessary to keep the stairway safe. Vinings Run and Access Management moved for summary judgment, arguing that Stuart-Jones could not recover for her injuries because she had equal, if not superior, knowledge of the allegedly unsafe conditions. In response, Stuart-Jones argued that she could still recover because the necessity rule applied, meaning that it was necessary for her to traverse the allegedly unsafe conditions to enter her residence. Vinings Run and Access Management argued that the exception only applies in the context of a landlord-tenant relationship, which did not exist between them and Stuart-Jones. The trial court denied Vinings Run and Access Management's motion for summary judgment, finding that the necessity rule applied, and this appeal followed.

"It has often been held that the true basis for a landlord's liability to a tenant for injuries resulting from a defective or hazardous condition existing on the premises

3

is the landlord's superior knowledge of the condition and of the danger resulting from it." *Richardson v. Palmour Court Apartments*, 170 Ga. App. 204, 205 (316 SE2d 770) (1984). "In accordance with the superior knowledge principle, it has been held that where a portion of leased premises is dangerously out of repair and such condition is patent and known to the tenant, who continues to use that area, the tenant cannot recover from the landlord for damages resulting from the condition." *Id.* (citation and punctuation omitted). *See also Flores v. Strickland*, 259 Ga. App. 335, 337 (1) (577 SE2d 41) (2003) ("A landlord is not liable for a plaintiff's injuries caused by a dangerous condition when the plaintiff had equal or superior knowledge of the danger and failed to exercise ordinary care to avoid it." (footnote omitted)). A tenant is presumed to have knowledge of allegedly dangerous, but static, conditions that he or she has successfully negotiated on a previous occasion. *Amerson v. Kelly*, 219 Ga. App. 377, 378 (465 SE2d 470) (1995).

However, Stuart-Jones argues that the equal or superior knowledge rule does not bar her recovery because the necessity rule exception applies.

> The necessity rule applies in the context of a landlord-tenant relationship where the tenant is required to traverse a known hazard in order to enter or leave his home. Under that exception, when the dangerous area is a tenant's only access or only safe and reasonable

4

access to his home, the tenant's equal knowledge of the danger does not excuse the landlord from liability for damages caused by a failure to keep the premises in repair. Thus, the necessity rule exception tempers the equal or superior knowledge rule when there is no other means of safe ingress and egress to the leased premises.

*Flores*, 259 Ga. App. at 337-38 (2) (footnotes and punctuation omitted). *See also Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269, 270 (235 SE2d 601) (1977) ("To hold otherwise, we would make the appellant a captive in her own apartment...forcing her to abandon her very means of livelihood until such time as the appellee found it convenient to remedy the dangerous situation.").

But the necessity rule exception only applies to situations involving landlords and tenants. *See Shansab v. Homart Dev. Co., Inc.*, 205 Ga. App. 448, (4) (422 SE2d 305) (1992) (declining to extend the necessity rule to employees of a tenant located in the proprietor's building); *Hart v. Brasstown View Estates, Inc.*, 234 Ga. App. 389, 391 (506 SE2d 896) (1998) (necessity rule does not apply to innkeeper-guest relationship) (physical precedent only); *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158, 159-60 (335 SE2d 408) (1985) (the necessity exception applies in landlord-tenant cases, but not when the parties have a business owner-customer relationship).

5

Thus, the question for this Court to resolve is whether a landlord-tenant relationship exists here between the parties in this suit. Stuart-Jones fails to point this Court to any evidence in the record to this effect. Rather, Stuart-Jones appears to have an oral lease with the owner of her condominium unit.[1] Because she cannot demonstrate a landlord-tenant relationship with the appellants, the necessity rule does not apply. Further, Stuart-Jones conceded that she was aware of the conditions around the concrete stairs that she contends were unsafe and which allegedly contributed to her fall. Accordingly, because Stuart-Jones had equal knowledge of the allegedly unsafe conditions of which she complains, and because the necessity rule does not apply, the trial court erred in denying summary judgment.

*Judgment reversed. Branch, McMillian, and Mercier, JJ., concur. Doyle, J. concurs in judgment only. Barnes, P. J., McFadden, P. J., and Reese, J., dissent. Miller, P. J., concurs in judgment only of the dissent.*

---

[1] Stuart-Jones testified that the condominium owner forwards her the mortgage payment information, and Stuart-Jones pays the mortgage note directly with Wells Fargo.

A17A0586. VININGS RUN CONDOMINIUM ASSOCIATION et

al. v. STUART-JONES.

MCFADDEN, Presiding Judge, dissenting.

I disagree with the majority's holding that the necessity rule is limited to cases involving landlords and tenants and so does not apply here. Whether that rule extends to condominium residents and a condominium associations is an issue of first impression. Because the animating principle of the rule applies as well to condominium homes as to rental homes, I would hold that the rule itself likewise extends to condominiums. I therefore respectfully dissent.

It is true that the necessity rule has been not been extended beyond the landlord-tenant context.

> The necessity rule applies in the context of a landlord-tenant relationship where the tenant is required to traverse a known hazard in order to enter or leave his home. Under that exception, when the dangerous area is a tenant's only access or only safe and reasonable access to his home, the tenant's equal knowledge of the danger does not excuse the landlord from liability for damages caused by a failure to keep the premises in repair. Thus, the necessity rule exception tempers

2

the equal or superior knowledge rule when there is no other means of safe ingress and egress to the leased premises.

*Flores v. Strickland*, 259 Ga. App. 335, 337-338 (2) (577 SE2d 41) (2003) (citations and punctuation omitted).

But when we have rejected past arguments for extension of the necessity rule, we have done so on the basis of that it should not be extended beyond its animating principle. That is, a person "cannot be deemed as a matter of law to have freely and voluntarily assumed the risk of injury" if her alternative is to become "a virtual prisoner in her own apartment." *Grier v. Jeffco Mgmt. Co.,* 176 Ga. App. 158,159 (335 SE2d 408) (1985); accord *Shansab v. Homart Development Company*, 205 Ga.App. 448, 451 (4) (422 SE2d 305) (1992). See *Hart v. Brasstown View Estates*, 234 Ga. App. 389, 391 (506 SE2d 896) (1998) (necessity rule did not apply when the parties were an innkeeper and a guest); *Shansab,* supra (declining to extend necessity rule to employees of party located in proprietor's building); *Grier*, supra (finding that the necessity exception did not apply when the parties had a business owner and customer relationship). So for the necessity rule, there is no meaningful difference be between a rental apartment and a condominium apartment.

3

The evidence before us, construed in favor of Stuart-Jones as the party opposing summary judgment, OCGA § 9-11-56, is that both staircases were insufficiently lit. That is sufficient to avoid summary judgment. See *McCullough v. Briarcliff Summit, L.P. II*, 237 Ga. App. 630, 632 (2) (516 SE2d 353) (1999) (unlit stairs).

I am authorized to state that Presiding Judge Barnes and Judge Reese join in this dissent and that Presiding Judge Miller concurs in judgement only as to this dissent.