**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 14, 2018**

# In the Court of Appeals of Georgia

A18A0366. NAVAL STORE SUPPLIERS, INC., d/b/a SOUTHERN BUILDERS SUPPLY et al. v. CROFT et al.

MERCIER, Judge.

Carolyn Croft and her husband Terrell Croft sued Naval Store Suppliers, Inc., d/b/a Southern Builders Supply and TLC Millwork, Inc., (hereinafter "Defendants"), alleging that due to the Defendants' negligence Carolyn Croft ("Croft") slipped and fell on ice at TLC Millwork. The Defendants filed a motion for summary judgment, arguing that Croft had equal knowledge of the hazard and that she assumed the risk that she would fall when she walked on the ice. Without making any factual findings or legal conclusions, the trial court denied the Defendants' motion. The Defendants appeal. Because uncontroverted evidence shows that Croft and the Defendants had equal knowledge of the hazard created by ice forming near an entrance door and

because Croft voluntarily exposed herself to that hazard when she exited the building through the same door, the trial court erred in denying the Defendants' motion for summary judgment. We therefore reverse.

> Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

*Johnson Street Properties, LLC v. Clure*, 302 Ga. 51, 52 (1) (805 SE2d 60) (2017) (citations and punctuation omitted).

So viewed, the evidence shows that on January 7, 2014, Croft arrived at TLC Millwork to pick up an order for her employer. When she arrived, it was approximately 25 degrees Fahrenheit outside, and Croft observed that a water spigot was open near the entrance of the building and water was pooling on the ground at the base of the stairs leading into the building. The pooling water had frozen and formed a mixture of "water/ice" that Croft had to cross to enter the building. Croft testified that she knew that the hazard was dangerous and once inside she reported it to a TLC Millwork

2

employee. The employee responded by telling her to take a different route when she was ready to leave and exit through a "rolling door," but also asked that Croft not tell anyone about her use of the rolling door because the employee could get fired for allowing Croft to use that door.

A TLC Millwork employee, V. M. testified that the water spigot had been left open in order to prevent the water faucets from freezing. V. M. testified that Croft told her "[t]here's ice on the pavement out here. Someone – you know, someone's going to fall." V. M. told Croft "[w]ell, don't go back out that way. . . . When you get ready to leave . . . . we've got a [rolling] door down here, and I'll show you how to get back out." After V. M. spoke with Croft, V. M. looked outside and observed ice on the ground.

Approximately 20-30 minutes later, Croft walked over to the rolling door and tried to exit but the door was locked. Croft looked for an employee in the area to unlock the rolling door, but did not see any employees. Croft then went to tell the employee she had previously spoken to that the rolling door was locked, but there were other people in the employee's office. Croft testified that she did not want to ask the employee to unlock the rolling door when other people were present because she

3

did not want the employee to be fired. Croft then left through the door she had used to enter the building, walked down the stairs, and fell.

1. For Croft to recover on her premises liability claim, she must show the following:

> (1) that the defendant[s] had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. Thus, it is well settled in Georgia that the fundamental basis for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff. Stated another way, a plaintiff is not entitled to recovery if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.

*Travis v. QuikTrip Corp.*, 339 Ga. App. 551, 553 (1) (794 SE2d 195) (2016) (citations and punctuation omitted).

The undisputed evidence in this case demonstrates that Croft and the Defendants had equal knowledge that ice on the ground outside the store entrance presented a hazard to anyone who entered or exited through that door. In fact, Croft warned a TLC Millwork employee of the hazard. "If an invitee knows of the condition or hazard, she has as much knowledge as the proprietor does and then by voluntarily

4

acting in view of her knowledge, she assumes the risks and dangers incident to the known condition." *Smith v. NT Nails, LLC*, 331 Ga. App. 98, 99 (770 SE2d 646) (2015) (citation and punctuation omitted).

The Crofts argue that summary judgment is inappropriate because even though Croft knew of the hazard, she could not have assumed the risk because she did not have a "viable alternative route" and therefore was coerced to walk on the ice.

> Assumption of the risk bars a plaintiff's recovery when a defendant establishes that a plaintiff, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not. In order to successfully assert this affirmative defense, the defendant must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed [herself] to those risks.

*Johnson Street Properties, LLC*, supra at 57 (1) (a) (iii) (citations and punctuation omitted). "To coerce is to compel by force or threat." *Smith v. NT Nails, LLC*, supra at 99 (citation and punctuation omitted). To support their assumption of the risk defense, the Defendants cite Croft's deposition testimony to establish that she knew the "water/ice" mixture was present, understood the risk associated with walking on ice, and voluntarily exposed herself to the risk by choosing to walk on the ice again to

exit the building. The Defendants also argue that Croft was not forced to exit through the door she used to enter the building, as she could have asked a TLC Millwork employee to unlock the rolling door so that she could safely exit the building.

Croft claims that she was prevented from asking an employee to unlock the rolling door by her conscience because she did not want the employee to be fired. But Croft's decision to risk traversing a known hazard to follow her conscience does not amount to coercion. We have previously found sufficient coercion to survive a motion for summary judgment when a supervisor gave a direct order to an employee to perform an act, or when an employee's failure to engage in a dangerous act would have resulted in termination. See *Bass Custom Landscapes, Inc. v. Cunard*, 258 Ga. App. 617, 619-621 (1) (575 SE2d 17) (2002) (issue of material fact remained as to whether plaintiff was coerced when her supervisor instructed her to take a coworker to the hospital despite icy conditions); *Travis*, supra at 552, 556 (1) (fact issue remained as to whether plaintiff was coerced when plaintiff had observed other drivers get "fired on the spot" for failing to follow a policy, which ultimately led to the plaintiff being injured.) We have also held that coercion can occur when a tenant was injured leaving her apartment using the only available means of egress. See *Hull v. Massachusetts Mut. Life Ins. Co.*, 142 Ga. App. 269, 270 (235 SE2d 601 (1997)

("[t]o hold otherwise . . . would make the appellant a captive in her own apartment during cold weather, forcing her to abandon her very means of livelihood until such time as the appellee found it convenient to remedy the dangerous situation").[1]

However, in *Smith v. NT Nails, LLC,* we held that there was not coercion of circumstances sufficient to defeat an assumption of the risk defense when an invitee chose to knowingly walk on a freshly mopped floor when the salon was closing and an employee told her to walk to the front of the store to pay. *Smith v. NT Nails, LLC*, supra at 100. In *Smith v. Bel-Arbor*, this Court affirmed summary judgment in favor of the defendant where an employee slipped and fell when she walked on a recently mopped floor, as there was "no emergency whereby the plaintiff was required to make use of the hallway[.]" *Smith v. Bel-Arbor, Inc.*, 121 Ga. App. 739 (175 SE2d 146) (1970). Here, as in *Smith v. Bel–Arbor* and *Smith v. NT Nails. LLC*, "it might have been socially awkward or inconvenient for [the plaintiff] to insist upon waiting until the [rolling door was unlocked]; but there is no evidence of anything preventing her from doing so." *Smith v. NT Nails, LLC*, supra at 100.

---

[1] This Court has noted that there is "an important distinction between those cases in which the plaintiff is a tenant in an apartment building and those cases wherein he or she is merely a store customer." *Grier v. Jeffco Mgmt., Co.*, 176 Ga. App. 158, 159-160 (335 SE2d 408) (1985).

With full knowledge of the ice hazard outside, and an appreciation of that risk, Croft chose to walk on the ice again as she left the building.

> If the proximate cause of the plaintiff's misfortune is attributable to negligence, it is her own disregard of the hazards involved in walking on a known slippery surface. Recognizing that ordinarily negligence, proximate cause, and related issues are matters for jury determination, we consider it to be the duty of the courts, in a clear and palpable case, as here, where the facts are undisputed, and where the proximate cause of the plaintiff's injuries is clearly and indisputably her own conduct, with full awareness of the danger involved, to dispose of the case as a matter of law without resort to trial by jury.

*Smith v. Bel-Arbor, Inc.*, supra at 739-740 (citation omitted.) There is no issue of material fact regarding whether Croft assumed the risk of walking on the ice. Accordingly, the trial court erred by denying the Defendants' motion for summary judgment as to Croft's claims.

2. As Terrell Croft's cause of action is derivative of his wife's claim, the trial court also erred by denying the Defendants' motion for summary judgment as to his claims. See generally *Desai v. Silver Dollar City, Inc.*, 229 Ga. App. 160, 166 (6) (493 SE2d 540) (1997).

*Judgment reversed. Dillard, C. J., and Doyle, P. J., concur.*