**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 12, 2021**

# In the Court of Appeals of Georgia

A20A1858. BROCK et al. v. ATLANTA AIRLINES TERMINAL CORPORATION.

A20A1859. ATLANTA AIRLINES TERMINAL CORPORATION v. BROCK et al.

HODGES, Judge.

After she was drenched in raw sewage from a broken pipe at Atlanta's Hartsfield-Jackson International Airport in 2012, flight attendant Tina Brock and her husband, Joe Phillips (collectively, "Brock"), sued Atlanta Airlines Terminal Corporation ("AATC") in the State Court of Fulton County asserting negligence, negligent infliction of emotional distress, and loss of consortium. AATC, a maintenance contractor at the airport, moved for summary judgment. Following a hearing, the trial court denied AATC's motion, in part, finding that fact questions existed as to the issues of AATC's constructive knowledge and requisite control over

the area where the leak occurred, and as to Brock's assumption of the risk. The trial court also granted AATC's motion, in part, finding that Brock had failed to establish a causal connection between her "physical injuries and [AATC's] alleged negligence" under Georgia's impact rule. The parties filed these cross-appeals. Brock appeals from the grant of summary judgment in Case No. A20A1858, and AATC appeals from the denial of summary judgment in Case No. A20A1859. The cases are consolidated for our review. For the reasons that follow, we affirm in Case No. A20A1858 and dismiss as moot Case No. A20A1859.

*Case No. A20A1858*

In this appeal, Brock argues that the trial court erred in its partial grant of summary judgment to AATC, contending that the impact rule does not apply to her claims or that her claims fall within an exception to the impact rule. She also asserts, for the first time on appeal, that she is entitled to recover under the pecuniary loss rule.

This Court conducts a de novo review of the grant or denial of a motion for summary judgment, viewing the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Vinings Run Condominium Assoc. v. Stuart-Jones*, 342 Ga. App. 434 (802 SE2d 393) (2017).

2

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In response to a properly supported motion for summary judgment which pierces the pleadings, plaintiffs may not stand upon their allegations, but must come forward with evidence to contravene defendants' proof or suffer judgment.

(Citations and punctuation omitted.) Id.

We note at the outset that Brock's appellate briefs contain insufficient and inaccurate record citations, which have hindered our review. Further, although Brock represented in her appellate briefs that she would move to supplement the record with three depositions not sent up from the trial court that were, she averred, necessary to her appeal, she has never done so.[1] This Court does not "cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Citation and punctuation omitted.) *Guilford v. Marriott Intl.*, 296 Ga. App. 503, 504 (675 SE2d 247) (2009); see also Ga. Ct. App. R. 25 (a) (1), (c) (2) (iii). "[I]f we have omitted any facts or failed to locate some

---

[1] It is unclear whether these deposition transcripts were before the trial court. Brock contends that they are part of the "official record," but AATC counters that some materials Brock references "were never submitted to the trial court[.]"

evidence in the record, the responsibility rests with counsel." (Citation and punctuation omitted.) *Sadler v. Rigsby*, 343 Ga. App. 269, 273 (2), n. 3 (808 SE2d 11) (2017).

So viewed, the evidence shows that on August 1, 2012, Brock was resting in a flight attendants' lounge area/"sleep room" at Hartsfield-Jackson International Airport along with other flight attendants. She deposed that she heard a "big gush" that she "thought was water." She jumped out of her chair and ran to retrieve her luggage. She ran "right up under . . . where the . . . pipe bust," while other flight attendants ran toward a closet. Another flight attendant, Jessica Penton, who apparently was not in the "sleep room," but was in a "quiet room" where flight attendants could have lights on to read, stated in an affidavit that the substance coming from the pipe was raw sewage. "I did not know Tina Brock at the time, but I recall a woman being doused with the vile sewage downpour," Penton stated. Penton stated that the exit from the room was blocked, that it took "several minutes" for the flight attendants to get out, and that Brock and another woman began "immediately retching uncontrollably and shaking severely. The feces and urine was all over them."

Brock deposed that the "sleep room" contained a pipe that came down from restrooms above it, through the ceiling and into "a large bucket." Behind a brown panel, but not through the pipe itself, "you could hear running water. It sounded like a waterfall." Brock also deposed, however that this pipe and bucket were "not where the pipe busted," and that the burst pipe and the bucket were not connected. She and Penton had previously observed ceiling tiles with what Penton described as "water stains" in the "sleep room" and above the bucket, but Brock had never looked to see if anything was in the bucket and had never seen it overflow.[2] Brock deposed that she never mentioned this to the airline, and she did not know of anyone else who had done so.[3]

---

[2] In her complaint, Brock averred that she did "not recall ever observing any fluid passing from the pipe to the bucket[.]"

[3] In her appellate brief, Brock avers that since this incident, she "has been treated for what her treating Psychologist, Dr. Sharon Ann Friday, says is the worst case of of Post-Traumatic Stress Disorder that [Friday] has ever treated." The portion of the record to which Brock cites, however, contains only four pages of Dr. Friday's deposition, two of which are partially illegible. Dr. Friday's presumably more complete deposition transcript is among the documents not in the appellate record, as noted above. In any event, even when read in the light most favorable to Brock, the minimal portion of the deposition before us does not support Brock's contention. Dr. Friday deposed only about PTSD "in general," and only in response to questions from counsel that primarily asked not about Brock in particular but rather about "a patient with PTSD" in general. Dr. Friday did testify in response to a question about water sounds being a "trigger" for Brock that "there were pipes above her that she

5

Following its review of the evidence and a hearing, the trial court issued its summary judgment order. It found that in a negligence action, under the impact rule, recovery for emotional distress is allowed only where a plaintiff experiences an impact, and "that impact must be a physical injury. Here, without any expert testimony to support her physical injuries, . . . [and] [w]ithout any evidence in the record to establish a causal connection between Mrs. Brock's physical injuries and [AATC's] alleged negligence[,]" a grant of summary judgment was warranted. (Citation and punctuation omitted.) Brock filed the instant appeal.

1. Brock argues that the trial court erred in granting summary judgment to AATC on the basis of the impact rule. She contends that an exception to the impact rule applies because she alleged in her complaint that AATC's "willful and wanton conduct" caused her harm. We disagree.

Our Supreme Court has held that, "[i]n a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." (Citation and punctuation omitted.) *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 584 (I) (533 SE2d 82) (2000). Georgia's impact rule has three elements: "(1) a *physical impact* to the plaintiff; (2)

_____

recounted that she heard the water gushing."

the *physical impact causes physical injury* to the plaintiff; and (3) the *physical injury* to the plaintiff *causes the plaintiff's* mental suffering or *emotional distress*." (Emphasis supplied.) Id. at 586 (I).

In her amended complaint, Brock specifically pled that "the dousing and immersion in raw sewage . . . constitutes a compensable 'impact' for purposes of establishing a claim for negligent infliction of emotional distress, as Ms. Brock suffered severe injuries as a direct and proximate result." AATC concedes, in its appellate brief, that Brock suffered an impact.

AATC's motion for summary judgment argued, among other things, that although Brock deposed that she suffered coughs, earaches, and walking pneumonia as a result of the sewage incident, she had not actually alleged any physical injury in her complaint. Nor, AATC argued, had she provided expert testimony showing any physical injuries were caused by the impact. Brock's replies in opposition to the summary judgment motion do not address these contentions, and instead focus primarily on premises liability arguments. Her appellate brief argues that she is

7

"entitled to seek damages for her psychological injuries, irrespective of her physical injuries."[4]

Pretermitting whether Brock has argued or pointed to evidence that the vomiting, earaches, coughing, and walking pneumonia are physical injuries resulting from the impact of being doused with sewage, it is clear that she has never argued nor pointed to evidence regarding whether the vomiting, earaches, coughing, walking pneumonia or any "physical injury . . . cause[d] [her] mental suffering or emotional distress." *Lee*, 272 Ga. at 586 (I).[5] Brock instead argues on appeal that the impact, rather than any physical injury, caused her emotional distress, as she contends that being "completely doused with urine, feces and other components of raw sewage caused her to suffer . . . PTSD." By contrast, "[r]ecovery for emotional distress

---

[4] Brock's amended complaint avers that she gagged and vomited after being doused with sewage. She argued that her "compensable 'impact'" stems from "severe psychological harm and injuries" and a "severe form of PTSD." At the hearing on the motion for summary judgment, Brock's counsel asserted that, "My client's injuries are purely psychiatric in nature[.]" Her appellate brief argues that she does not receive Workers' Compensation "because there was no physical component, or bodily harm, resulting from the incident."

[5] Although the dissent contends that this issue was not raised in the trial court, AATC on motion for summary judgment argued that Brock failed to present evidence that it had committed an act of negligence, and as a result, that she had failed to satisfy the essential elements of a claim for negligent infliction of emotional distress. Brock's responses on summary judgment failed to address this contention.

8

following a physical injury caused by another's negligence is limited to compensation for any mental suffering or emotional distress the plaintiff incurred *as a consequence of the plaintiff's physical injuries*." (Citations and punctuation omitted; emphasis supplied and in original). *Malibu Boats, LLC v. Batchelder*, 347 Ga. App. 742, 747 (3) (819 SE2d 315) (2018).

The issue presented here is analogous to that presented in *Canberg v. City of Toccoa*, 255 Ga. App. 890 (567 SE2d 21) (2002), in which this Court examined an appeal from a grant of summary judgment, and found that even where the plaintiffs

> alleged a physical impact (the smoke and fire from their home) and physical injuries caused by the smoke and fire, they [did] not claim that their physical injuries caused their mental suffering or emotional distress. Thus, they have failed to satisfy the third element of the impact rule. And their claims do not fit clearly within a recognized exception to this element of the impact rule.

Id. at 891-892 (1). See *Malibu Boats*, 347 Ga. App. at 748 (3) ("Where mental suffering is distinct and separate from the physical injury, it cannot be considered. Accordingly, only those damages related to the sustained physical injury itself may be recoverable.") (citation and punctuation omitted); see also *Coon v. The Medical Center*, 300 Ga. 722, 734 (4) (797 SE2d 828) (2017) (recognizing only "a single,

9

carefully circumscribed exception to the physical impact rule" allowing a parent to recover where both parent and child suffer a physical impact and physical injuries, but the "parent's emotional distress arose not only from her physical injury but also from watching her child suffer and die").

Brock argues, for the first time on appeal, that another exception applies in her case. She contends that she need not show "*physical injury* that is causally connected to the alleged emotional distress" (emphasis supplied), because she pled and pointed to evidence that AATC's maintenance or lack thereof – its alleged awareness of stained ceiling tiles, the pipe-and-bucket system in the "sleep room," and its lack of inspection procedures – showed a wilful or wanton disregard of potential harm. Without pointing to evidence that this disregard was directed at her, she cites *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992), which provides that "where the conduct is malicious, wilful or wanton, recovery can be had without the necessity of an *impact*." (Emphasis supplied.) Id. "*Ryckeley*, however, involved a claim of *intentional* infliction of emotional distress, and thus [Brock's] reliance on it is misplaced." (Citation omitted; emphasis in original.) *Kirkland v. Earth Fare, Inc.*, 289 Ga. App. 819, 821 (3) (658 SE2d 433) (2008).

10

2. Brock contends that the trial court erred in granting summary judgment to AATC because the evidence shows she may recover for her psychological injuries under the pecuniary loss rule, "irrespective of her physical injuries." Brock's claim of error does not succeed.

Under the pecuniary loss rule, a plaintiff "may recover damages for emotional distress flowing from a defendant's negligence, notwithstanding the absence of physical injury. But these damages are recoverable only if the plaintiff has suffered a pecuniary loss and has suffered an injury to the person, albeit not physical." *Nationwide Mut. Ins. Co. v. Lam*, 248 Ga. App. 134, 138 (2) (546 SE2d 283) (2001), disapproved on other grounds by *Oliver v. McDade*, 328 Ga. App. 368, 370 (2), n. 5 (762 SE2d 96) (2014).

Although Brock's appellate brief argues that she has suffered direct pecuniary losses by the loss of her career and by incurring medical bills from Dr. Friday and others, she provides no citations to documents in the record supporting this contention of error in contravention of Court of Appeals Rule 25 (c) (2) (i). Rather, she cites only to one of her own depositions, and also to depositions from a nurse practitioner and from Dr. Friday. Again, as noted above, although Brock's counsel averred that he would move to supplement the record with these depositions, he has

11

not done so. Therefore, Brock has failed to show error by the record. *Handberry v. Manning Forestry Svcs.*, 353 Ga. App. 150, 161 (1), n. 40 (836 SE2d 545) (2019) (noting that this Court will not speculate about matters not in the appellate record, and the appellant bears the burden of showing error by the record).

3. Although the trial court granted AATC's motion for summary judgment on different bases from those we explicate here, we will affirm a trial court if it is right for any reason. *Pneumo Abex, LLC v. Long*, 357 Ga. App. 17, 25 (1) (a), n. 37 (849 SE2d 746) (2020) ("Needless to say, a grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond.") (citation and punctuation omitted).

Here, the trial court's order based the grant of summary judgment to AATC in part on grounds which, while touched upon in plaintiff's complaint, were not argued on summary judgment.

> Although a trial court may, sua sponte, grant summary judgment on an issue not raised by the parties, in so doing the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond . . . . The record does not reflect that any steps were taken by the trial court to give [Brock] proper

12

notice and an opportunity to respond prior to the entry of summary judgment [regarding its decision under the impact rule].

(Citation and punctuation omitted.) *McClendon v. 1152 Spring Street Associates-Georgia, Ltd. III*, 225 Ga. App. 333, 334 (484 SE2d 40) (1997). However, because Brock "does not enumerate this as error on appeal, nor claim she was denied such notice and opportunity in the trial court, this issue has been waived." (Citation and punctuation omitted.) Id.

We affirm the trial court's grant of partial summary judgment to AATC.

*Case No. A20A1859*

4. In light of our ruling in Case No. A20A1858, which affirms the trial court's grant of summary judgment to AATC, the arguments AATC raises in its cross-appeal are moot. Case No. A20A1859 is therefore dismissed.

*Judgment affirmed in Case No. A20A1858. Doyle, P.J., concurs and McFadden, C.J., dissents. Appeal dismissed as moot in Case No. A20A1859. Doyle, P. J., concurs, and McFadden, C. J., dissents.*

A20A1858, A20A1859. BROCK et al. v. ATLANTA AIRLINES

TERMINAL CORPORATION; and vice versa.

MCFADDEN, Chief Judge, dissenting.

I respectfully dissent in both cases. The trial court granted AATC summary judgment on the ground that, without expert testimony, Tina Brock could not establish the causal connection between AATC's alleged negligence and a physical injury as required to recover for emotional distress under Georgia's impact rule. This was error. A jury could find the necessary causal connection from evidence that, immediately after being doused in feces and urine, Brock began "retching uncontrollably and shaking severely."

Nor should we affirm on the basis of a supposed lack of evidence of a connection between Brock's physical injuries and her emotional distress. That ground was not raised to the trial court. So I would reverse the grant of summary judgment in Case No. A20A1858.

2

Reversing the main appeal would require us to reach the merits of the cross-appeal, Case No. A20A1859. I would affirm. The trial court did not err in rejecting AATC's other summary judgment arguments.

1. *The record evidence gave rise to a genuine issue of material fact as to the only element of the impact rule raised before the trial court — the existence of a causal link between a physical impact and a physical injury.*

Under Georgia's impact rule, "[i]n a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992). As the majority correctly explains, the "impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress." *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 586 (I) (533 SE2d 82) (2000). AATC does not dispute that Brock sustained a physical impact when she was doused with feces and urine.

AATC argued below that there was no evidence of the second of these elements, a causal connection between the physical impact and a physical injury to the plaintiff. There was no evidence of causation, AATC argued, because Brock

3

offered no expert testimony on causation. The trial court agreed. She held that there was no "expert testimony to support [Brock's] physical injuries" and that "[w]ithout any evidence to establish a causal connection between Mrs. Brock's physical injuries and the Defendant's alleged negligence,Defendant's motion for summary judgment]" was due to be granted.

That was error. Brock did not need expert testimony to establish a triable issue on the causation element of the impact rule. It was enough that another flight attendant testified, by affidavit, that she witnessed Brock "being doused with the vile sewage downpour" and that Brock was then "immediately retching uncontrollably and shaking severely."

Whether such physiological symptoms are physical injuries for purposes of the impact rule is, at the least, a question of fact for the jury. See *Malibu Boats, LLC v. Batchelder*, 347 Ga. App. 742, 746-747 (2) (819 SE2d 315) (2018) (jury question existed as to whether second element of impact rule was met where child "began vomiting and hyperventilating" after collision with water) (punctuation omitted); *Chambley v. Apple Restaurants*, 233 Ga. App. 498, 500 (1) (504 SE2d 551) (1998) (jury question existed as to whether the plaintiff's vomiting and nausea upon eating

4

part of a salad containing a concealed, unwrapped condom constituted a physical injury for purposes of the impact rule).

Because Brock suffered those physiological symptoms "immediately" after she was doused with feces and urine, a jury could find the necessary causal connection without expert testimony on the point. See *Patterson v. Kevon, LLC*, 304 Ga. 232, 239-240 (818 SE2d 575) (2018) (circumstantial evidence that plaintiffs' physical illness was caused by food poisoning precluded summary judgment even though no expert testimony was presented on the point).

The fact that Brock did not identify in her complaint any specific physical injuries does not change this analysis. Our Civil Practice Act permits notice pleading, and notice pleading does not require such specificity. See *Atlanta Women's Specialists, LLC v. Trabue*, __ Ga. __ (850 SE2d 748) (2020) ("a complaint need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests") (citation omitted).

Likewise, the determination that Brock did not have a compensable injury under the Workers' Compensation Act has no bearing on whether Brock has shown the injury required for a tort claim under the impact rule. The question here is simply whether there is evidence establishing a triable issue of fact as to whether Brock

suffered a physical injury caused by the impact of being doused in feces and urine. There is such evidence. So summary judgment on this basis cannot stand.

2. *We should not affirm as right for any reason on a ground not raised before the trial court.*

The third element, a causal link between the plaintiff's physical injury and her mental suffering or emotional distress, was not raised in the trial court. AATC's argument about emotional distress damages did not address that link. AATC argued only:

> The plaintiffs' complaint asserts a claim for negligent infliction of emotional distress for Ms. Brock. Under certain circumstances, emotional distress can be an element of damages that are recoverable for a negligence claim, but only if the negligence claim results in an award by a jury. [Cit.] The existence of a triable issue on a negligence claim is a prerequisite to an award for emotional distress. To the extent that AATC is awarded summary judgment on the negligence claims, the plaintiff would have no basis to seek damages for negligent infliction of emotional distress.

This argument regarding negligence was part of AATC's broader position that it was entitled to summary judgment because there was no evidence that it breached a duty owed to Brock. Nowhere in AATC's motion did it suggest that it was entitled to

6

summary judgment because Brock could not tie her emotional distress to her physical injuries.

Nor was this third element of the impact rule analysis a basis for the trial court's grant of summary judgment. Nevertheless the majority finds that AATC was entitled to summary judgment because there was no evidence of a causal link between Brock's physical injuries and her emotional distress. See *Lee*, 272 Ga. at 586 (I).

Contrary to the majority, physical injuries such as vomiting and hyperventilating may be the basis for emotional-distress damages if the emotional distress resulted "from the alleged physical injuries[.]" *Malibu Boats*, 347 Ga. App. at 748 (3).

More fundamentally, we should not reach the issue. It is true that appellate courts "will affirm the judgment of a lower court so long as it is right for any reason[.]" *Shadix v. Carroll County*, 274 Ga. 560, 565 (3) (c) (554 SE2d 465) (2001). But "even in the context of de novo review, this [c]ourt does not apply the right for any reason rule to uphold a decision of the trial court based on a ground not raised below." *Oskouei v. Orthopaedic & Spine Surgery of Atlanta, LLC*, 340 Ga. App. 67, 70 (796 SE2d 299) (2017).

7

Affirming a summary judgment for a reason not argued below is particularly inappropriate. Doing so deprives responding parties of an opportunity to supply any claimed deficiencies in their evidence. Brock was not required to anticipate this argument. "[A] plaintiff need not respond to issues that are not raised in the motion for summary judgment." *Jim Tidwell Ford v. Bashuk*, 335 Ga. App. 668, 672 (1) (782 SE2d 721) (2016).

So the grant of summary judgment should not be upheld on this ground.

3. *AATC's arguments on cross-appeal lack merit.*

Because the grant of summary judgment to AATC should be reversed in Case No. A20A1858, the cross-appeal in Case No. A20A1859 should be decided on the merits rather than dismissed as moot. But I agree with the trial court that there is no merit to any of the issues raised in in AATC's cross appeal.